*tant District Attorney,* for appellee.

## IN THE MATTER OF W. LaRUE BOYCE, JR.
### (Supreme Court Disciplinary No. 313)
(334 SE2d 311)

Per curiam.

The State Bar of Georgia brought disciplinary proceedings against the respondent, charging him with violations of the following Standards of State Bar Rule 4-102: Standard 4 (professional conduct involving dishonesty, fraud, deceit, or wilful disregard of a legal matter); Standard 43 (handling a matter which the lawyer knows or should know that he is clearly incompetent to handle without associating with him a lawyer who he reasonably believes to be competent to handle it); Standard 44 (wilful abandonment or disregard of a legal matter); Standard 63 (failure to maintain complete records and to render promptly appropriate accounting to the client); Standard 65 (commingling of client's and lawyer's funds and failure to account for trust property, including money); and Standard 68 (failure to respond to a complaint filed against the lawyer, in accordance with the State Disciplinary Board rules).

The State Disciplinary Board adopted the special master's findings that the respondent had admitted the charges by having failed to file a timely answer, as provided in Rule 4-212 (a), and that he had not presented any mitigating evidence. The special master recommended public reprimands for violations of Standards 43, 44 and 68, and disbarment for violations of Standards 4, 63 and 65. The board recommended that the respondent be suspended from the practice of law for a period of six months, based on the above violations and those established in State Disciplinary Board Docket Nos. 897 and 900; Supreme Court Docket Nos. 303 and 330.

The recommendation of the board is approved and adopted. It is ordered that the suspension of W. LaRue Boyce, Jr., from membership in the State Bar of Georgia and the suspension of his license to practice law in the State of Georgia for six months be approved for violations of Standards 4, 43, 44, 61, 63, 65 and 68 of the Rules of the State Bar of Georgia.

*Suspended for six months. All the Justices concur, except Hill, C. J., Marshall, P. J., and Weltner, J., who dissent as to punishment and would impose a suspension of one year.*

Decided September 26, 1985.

*William P. Smith III, General Counsel State Bar, Bridget B.*

*Bagley, Assistant General Counsel State Bar,* for State Bar of Georgia.
*Richard E. Collar, Jr.,* for Boyce.