S95Y0778. IN THE MATTER OF WEYMAN E. CANNINGTON, JR.

(469 SE2d 165)

PER CURIAM.

Two former clients of Respondent filed separate grievances with the State Bar of Georgia, complaining about the manner in which Respondent Weyman E. Cannington, Jr., handled their cases. In each case, the Investigative Panel of the State Disciplinary Board found probable cause to believe that Respondent had violated Standard 4 of Bar Rule 4-102 by failing to account for funds he held for the client; Standard 45 by misrepresenting the facts of the situation to another attorney who inquired on behalf of the client; Standard 61 by failing to deliver promptly to the client all funds belonging to the client; Standard 63 by failing to maintain complete records concerning the client's funds and to render appropriate accounts to the client; and Standard 65 by failing to account for funds held in a fiduciary capacity and to maintain trust records reflecting the amount of money held for the client. Based on the finding of probable cause, the State Bar of Georgia filed formal disciplinary complaints against Respondent.

A special master appointed to hear evidence in both cases, found that Respondent had engaged in conduct in both cases which violated Standards 61, 63 and 65. After considering the record of the consolidated complaints, the review panel of the State Disciplinary Board also found that Respondent had violated Standards 61, 63 and 65 in each case. The review panel found that Respondent's conduct was the result of negligence and poor business practices, and that he had not engaged in professional conduct involving dishonesty, fraud, deceit or wilful misrepresentation. Noting that no complaints had been previously filed against Respondent and that he "enjoys a good reputation as a competent, reliable, honest and trustworthy attorney in the locale of his practice," the review panel recommended that Respondent be suspended for six months, with his reinstatement conditioned upon his receipt of certification from the Institute of Continuing Legal Education that he has completed five hours of continuing legal education in "Ethics," in addition to the annual CLE requirements; and upon his receipt of certification from the Director of the Law Practice Management Program of the State Bar that the program has reviewed Respondent's law office management and attorney escrow account procedures and that Respondent has implemented any administrative and/or operational changes recommended. In determining its recommended disciplinary action, the review panel took into consideration that, during the relevant time period, Respondent was serving as Mayor of Lumpkin, Georgia; judge of the municipal court; president of the state municipal association; and an active participant in many civic organizations. Both the special master and the review

panel determined that Respondent had not violated Standards 4 or 45 in either case. It was also noted that the complaining clients had received the funds due them.

The State Bar has filed exceptions to the review panel's findings and recommendation, contending that violations of Standards 4 and 45 were proven beyond a reasonable doubt, and that Respondent should be disbarred for his conduct. Respondent has also filed exceptions, asserting that a public reprimand is the appropriate level of discipline for his negligence. We conclude, as did the special master and the review panel, that the evidence presented was not sufficient to establish beyond a reasonable doubt that Respondent knowingly made false statements (Standard 45) or that he had engaged in professional conduct involving fraud, dishonesty, deceit, or wilful misrepresentation (Standard 4).

Turning to the recommended disciplinary action and the exceptions thereto, we note that while a number of lawyers who violated Standards 61, 63 and 65 have voluntarily surrendered their licenses to practice law, have been disbarred, or have been suspended for more than six months, we have ordered six-month suspensions when circumstances of the case so dictate. See, e.g., *In the Matter of McWhorter*, 262 Ga. 167 (416 SE2d 89) (1992) (six-month suspension for violations of Standards 4, 22, 23, 44, 61, 63, 65 and 68); *In the Matter of Threlkeld*, 262 Ga. 282 (417 SE2d 319) (1992) (six-month suspension for violations of Standards 22, 45, 63 and 65); *In the Matter of Boyce*, 254 Ga. 727 (334 SE2d 311) (1985) (six-month suspension for violations of Standards 4, 43, 44, 61, 63, 65 and 68). Because Respondent's conduct did not involve wilfulness and was seemingly exacerbated by his extensive civic responsibilities, we believe a six-month suspension from the practice of law, effective the date of this opinion, is appropriate. Before Respondent can apply for reinstatement, he must present certification from the Institute of Continuing Legal Education that he has completed five hours of CLE in "Ethics." Because review by the Law Practice Management Program is most effective when the reviewer has observed an attorney's practice of law for three months, a prerequisite made impossible by Respondent's suspension from the practice of law, it is ordered that Respondent contact the Program within three months of his reinstatement to the practice of law and arrange to submit his law practice, including his office management and escrow account practices, to the Program's scrutiny. Within a reasonable time following review of his practice by the Program, Respondent must present to the State Bar certification from the Program director that he has implemented any administrative and/or operational changes recommended. Failure to comply with this post-suspension mandate will subject Respondent to further disciplinary action.

*Six-month suspension. All the Justices concur.*

DECIDED APRIL 29, 1996.

William P. Smith III, *General Counsel State Bar, Cynthia C.
Hinrichs, Assistant General Counsel State Bar,* for State Bar of
Georgia.
*Denney, Peace, Allison & Kirk, John W. Denney,* for Can-
nington.

