## A90A0718. ALLEN v. THE STATE.
(397 SE2d 472)

COOPER, Judge.

Appellant appeals his conviction of theft by shoplifting and operating a motor vehicle without proof of insurance.

The evidence viewed in a light to support the verdict showed that a grocery store employee observed appellant putting twenty-one cartons of cigarettes from a cigarette rack into two grocery bags and placing the bags at an unoccupied cash register adjacent to the exit.

Appellant then proceeded to another aisle to pay for groceries in a shopping cart. When questioned about the cigarettes, appellant denied that they belonged to him. The store manager called the police, but appellant fled the store by car before the police arrived. Police subsequently stopped appellant in a car matching the description given by a store employee; appellant could not provide the police officer with his driver's license or proof of insurance and was arrested.

1. Appellant contends that the evidence was insufficient as a matter of law to authorize the conviction of theft by shoplifting because there was no showing that he appropriated the merchandise to his own use. OCGA § 16-8-14 (a) provides in part that, "A person commits the offense of theft by shoplifting when he alone or in concert with another person, with the intent of appropriating merchandise to his own use without paying for the same or to deprive the owner of possession thereof or in the value thereof, in whole or in part, does any of the following: (1) Conceals or takes possession of the goods or merchandise of any store or retail establishment." Appellant removed twenty-one cartons of cigarettes from the cigarette rack and placed them in two grocery bags. Hence, the evidence was sufficient to enable a rational trier of fact to find appellant guilty of theft by shoplifting beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant argues that there was insufficient evidence of failure to maintain no-fault insurance and cites apparent errors in the indictment and the verdict form. The last page of the indictment and the verdict form list the charge as failure to maintain no-fault insurance, whereas, the body of the indictment clearly reflects that appellant was charged by the grand jury with operating a motor vehicle without insurance. OCGA § 33-34-12 (a) (1). The jury was instructed correctly on the latter offense. "It is a well-settled principle of law that the offense charged in an indictment is not determined by the name given it therein, but by the facts set forth in the indictment." *Driver v. State*, 60 Ga. App. 719, 722 (4 SE2d 922) (1939). The facts set forth in the indictment in this case sufficiently apprised appellant of the offense with which he was charged — operating a motor vehicle without proof of insurance — in accordance with OCGA § 17-7-54. In addition, contrary to appellant's contention, there was sufficient evidence adduced at the trial for the trier of fact to find appellant guilty of operating a motor vehicle without proof of insurance beyond a reasonable doubt. *Jackson v. Virginia*, supra.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 19, 1990.

*Short & Fowler, James M. Bivins*, for appellant.

*H. Lamar Cole, District Attorney, Charles M. Stines, Assistant District Attorney*, for appellee.