### A00A0294. JOHNSON v. THE STATE.
(534 SE2d 563)

RUFFIN, Judge.

A jury found Ralph Johnson guilty of aggravated assault and possession of a firearm during the commission of a crime. Johnson appeals from the trial court's denial of his motion for new trial. He contends that the trial court erred when it denied his motion for mistrial after the jury saw him in prison clothes. He also argues that he received ineffective assistance of counsel and that there was insuffi-

---

cient evidence to support the jury's verdict. For reasons which follow, we affirm.

The record, viewed in a light most favorable to the jury's verdict, shows that Johnson knocked on the door of Mark Woodruff's home and asked Woodruff if Joyce Tucker was there. Woodruff told him that she was and let Johnson in. Johnson became agitated and went to the back of the trailer to find Tucker. Woodruff's son, who was in his room, asked about the commotion. Woodruff went to his son's room and, as he turned to leave, found Johnson pointing a gun at his head. Johnson pulled the trigger, but the gun misfired. Johnson then struck Woodruff with the gun and fired a round into the ceiling. Johnson threatened to kill Woodruff, Woodruff's son and Tucker because he did not want to leave any witnesses. He then left the trailer dragging Tucker with him.

1. After jury selection, but before the presentation of evidence, Johnson's counsel moved for a mistrial because Johnson was wearing blue prison garb with his name and a number printed on it. However, the trial court stated for the record that while Johnson's clothes bore a name and number, the judge could not read or even see them. The court also stated that he could not read the writing on the back of Johnson's uniform because it "blend[ed] in." The record indicates that a very faded "State Prisoner" was printed on the back of Johnson's jacket.

A criminal defendant has a right to appear before a jury in civilian clothes.[1] But it is not error to try a defendant in prison garb which bears no distinctive markings or is not otherwise different from normal civilian attire.[2] Moreover, the right to wear civilian clothing may be waived.[3]

We are initially struck by the timing of Johnson's motion for mistrial. If he wanted to be tried in civilian dress, he could have made a pretrial motion to delay the proceedings until he had obtained some acceptable clothes.[4] Instead, Johnson waited until after the jury was impaneled to make this objection. The record indicates that Johnson was allowed to dress in civilian clothes after he complained about his prison clothing. The prosecutor offered to provide a jacket while Johnson's suit was being brought to him. The first witness identified Johnson as wearing a black coat (as opposed to a blue prison jacket), and a subsequent witness identified him as wearing a tie. It is likely

---

[1] See *Pike v. State*, 169 Ga. App. 358, 359 (312 SE2d 808) (1983), rev'd on other grounds, *State v. Pike*, 253 Ga. 304 (320 SE2d 355) (1984).

[2] See *Hayslip v. State*, 154 Ga. App. 835 (1) (270 SE2d 61) (1980); *Whittington v. State*, 155 Ga. App. 667 (1) (272 SE2d 532) (1980).

[3] See *Timmons v. State*, 223 Ga. 450 (1) (156 SE2d 68) (1967).

[4] See *Sharpe v. State*, 119 Ga. App. 222 (166 SE2d 645) (1969).

that the jury would not have seen Johnson's prison garb had he asked for civilian clothes earlier. A defendant is not entitled to a mistrial if he waits until after the jury is impaneled to object to being tried in prison clothing.[5] Johnson's right to be tried in civilian clothing was waived until he asserted it. Therefore, the trial court properly denied Johnson's motion for mistrial.

Even if Johnson had not waived objection to his exposure to the jury in his prison clothing, he was not denied a fair trial. Because the trial judge could not read the markings on Johnson's uniform, from his elevated physical position, we have no reason to believe that the jury could identify the markings as prison insignia. Also, Johnson was not exposed to the jury in his prison clothing once the presentation of evidence began. In these circumstances, we cannot presume that the jury was unfairly tainted.

2. Johnson is not entitled to a new trial under *Strickland v. Washington*.[6] Our Supreme Court has held that:

> In order to establish that trial counsel's performance was so defective as to require a new trial, [Johnson] must show that counsel's performance was deficient and that the deficient performance so prejudiced [Johnson] that there is a reasonable likelihood that, absent counsel's errors, the outcome of the trial would have been different. [Cit.][7]

There is a strong presumption that counsel's conduct fell within a broad range of reasonable professional conduct.[8]

Pretermitting whether trial counsel was deficient by not making a timely objection to Johnson's appearance in court in his prison clothing, we cannot say that there is a reasonable chance that the outcome of the trial would have been different had counsel made a timely objection. As discussed in Division 1, we cannot presume the jury was unfairly tainted by Johnson's clothing. Moreover, the evidence against Johnson was quite strong. Even Johnson admitted that he fired his gun in Woodruff's home. The cartridge and shell casing that were recovered from the crime scene, along with the photographs of the bullet hole in the ceiling and Woodruff's head injury, are consistent with Woodruff's testimony. A disinterested witness testified that Johnson told her that he hit Woodruff with a gun. And Johnson's own testimony did not exculpate him.

Johnson also claims counsel was deficient because he failed to

---

[5] Id.; *Wilkes v. State*, 221 Ga. App. 390, 392-393 (2) (471 SE2d 332) (1996).
[6] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).
[7] *Roberts v. State*, 263 Ga. 807-808 (2) (439 SE2d 911) (1994).
[8] Id.

challenge his allegedly illegal extradition from Alabama. Johnson does not support this argument with citation to the record, and we will not consider it.[9]

3. After a thorough review of the record, we find that a rational trier of fact could have found Johnson guilty beyond a reasonable doubt.[10] Johnson's final enumeration of error is therefore without merit.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED MAY 11, 2000.

Paul W. David, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.

