## A02A2287. GAY v. THE STATE.
(575 SE2d 740)

JOHNSON, Presiding Judge.

A jury found Omar Gay guilty of criminal attempt to commit armed robbery. He appeals from the conviction entered on the verdict, arguing that the trial court erred in allowing the state to introduce evidence of a prior armed robbery conviction, not giving a limiting instruction before allowing the similar transaction evidence, and instructing the jury that a prior conviction could be used for impeaching a witness' testimony. Gay also urges that he was denied effective assistance of counsel. None of the enumerations has merit, so we affirm the conviction.

Viewed in a light most favorable to the verdict, the evidence shows that in February 2000, Gay walked into an Atlanta convenience store around midnight, approached the counter, and shoved a bag through the lottery window. Holding what appeared to be an automatic weapon, Gay announced: "This is an armed robbery, fill this sack up with money." Gay pointed the pistol at the clerk. The clerk tried to persuade Gay to turn around and leave, but Gay persisted, saying: "I will kill you. Give me the money." The clerk drew his

---

[4] *Gunsby v. State*, 248 Ga. App. 18 (545 SE2d 56) (2001).
[5] Id.
[6] *Finley v. State*, supra at 67 (2).

own gun, cocked the hammer, and told Gay to put his gun down. Gay complied. The clerk picked up Gay's pistol and ordered him to get on the floor, which he did. The clerk called police and held Gay at gunpoint until police arrived. Gay's weapon turned out to be an air pistol or "BB" gun.

Gay testified on his own behalf. He admitted that he entered the store with what he called a "pellet" gun in his hand, but added that the gun was "all broke and beat up," that he had it since he was a child, and that he just liked to play with it. He testified that he probably should not have entered the store with the gun in his hand. Gay added that when he saw the clerk's reaction, he told the clerk that the gun was not real and that it was not loaded. Gay denied pointing the weapon at the clerk, demanding money, or intending to commit a robbery.

1. Gay argues that the trial court improperly allowed the state to impugn his character through the introduction of a prior armed robbery conviction. According to Gay, the evidence was prejudicial and the prior crime was not sufficiently similar to the crime charged. There was no error.

At trial, a witness testified that in January 1999, Gay approached him from behind as he walked to his car from an Atlanta convenience store. Gay pushed something into the victim's back and demanded his money. The victim complied. Gay then said he was going to shoot the victim. A struggle ensued, and Gay pulled a brick from his pocket and struck the victim in the head. The victim managed to grab Gay and throw him onto the ground, where he held Gay until police arrived. Gay admitted that he was convicted of armed robbery in that case, and the state introduced a certified copy of the conviction.

The true test of admissibility of a prior conviction is not the number of similarities between the crimes, but whether the evidence of prior incidents was substantially relevant for some purpose other than to show that the defendant committed the crime because he is a person of bad character.[1] Evidence which is relevant and material to an issue in the case is not inadmissible solely because it incidentally places a defendant's character in issue.[2]

Here, Gay testified that he did not intend to commit a robbery, that he only entered the store to buy snacks, and that he innocently carried the air gun inside the store. Thus, the prior armed robbery was relevant and admissible for the limited purpose of showing Gay's

---

[1] *Haska v. State*, 240 Ga. App. 527, 528 (2) (523 SE2d 589) (1999); *Johnson v. State*, 236 Ga. App. 252, 254 (1) (a) (511 SE2d 603) (1999).

[2] See *Davis v. State*, 249 Ga. 309, 310 (1) (290 SE2d 273) (1982).

bent of mind or course of conduct.[3] The crimes were similar in that they both occurred at convenience stores in the City of Atlanta, both male victims were approached while alone, and the robber threatened the victims with what they believed was a handgun. The trial court did not err in admitting the evidence.

2. Gay argues that the trial court erred in admitting the prior conviction without first giving a limiting instruction. The record does not show that Gay requested such an instruction, though the trial court did give a limiting instruction as soon as the witness began testifying about the similar transaction. And, the court repeated its limiting instruction regarding the similar transaction evidence in its general charge to the jury. That was sufficient.[4]

3. Gay urges that the trial court erred in charging the jury that a prior conviction could be used for impeachment purposes, when his prior conviction was not offered for impeachment purposes, but as a similar transaction.

Even assuming, without deciding, that the trial court erred in including a charge on impeachment by proof of conviction when the conviction was admitted for a different limited purpose, this enumeration presents no basis for reversal. An appellant is not entitled to a new trial simply because the charge on that method of impeachment was not authorized.[5] Giving an unauthorized charge on an unavailable method of impeachment is generally harmless error.[6]

The charge at issue here was no more than a passing reference that was preceded and followed by extensive instructions regarding numerous methods of impeachment, thus mitigating any harmful effect.[7] Moreover, the trial court specifically instructed the jury — at the time the evidence was given and again in its general charge — that Gay's prior conviction could only be used to show, if it does, the state of mind or course of conduct in the crime being tried.

The standard for harmless error in jury charges in criminal cases is whether it is highly probable that the error contributed to the verdict.[8] Considering the charge as a whole and the evidence of Gay's guilt, any error in the charge was harmless.[9]

4. Gay complains that he was denied effective assistance of trial counsel in that counsel (a) did not object to the introduction of similar

---

[3] *Cole v. State*, 216 Ga. App. 68, 70 (1) (453 SE2d 495) (1995).
[4] See *Johnson*, supra at 255 (1) (b) (in the absence of a request, trial court has no obligation to give a contemporaneous limiting instruction of similar transaction evidence).
[5] *Hardy v. State*, 240 Ga. App. 115, 120 (6) (522 SE2d 704) (1999).
[6] *Richardson v. State*, 253 Ga. App. 555, 557 (5)·(560 SE2d 65) (2002).
[7] See *Hardy*, supra.
[8] Id.
[9] See id.

transaction evidence, and (b) waived Gay's right to appear in court in civilian rather than prison attire.

When a defendant complains of the ineffectiveness of counsel's assistance, he must show that counsel's representation fell below the objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.[10]

(a) As discussed in Division 1, evidence of the prior armed robbery conviction was admissible for a limited purpose even though it might have incidentally impugned Gay's character. Failure to make a meritless objection cannot be evidence of ineffective assistance.[11]

(b) When Gay appeared in court wearing a prison jumpsuit, the trial judge asked defense counsel why Gay was not wearing civilian clothing. Counsel replied that he and Gay had discussed the matter, that Gay did not want to wear street clothing, and that "we're comfortable with going forward as he is dressed." The judge then asked counsel if he was waiving Gay's right to wear street clothes. Directing his question apparently at Gay, defense counsel asked: "Do you understand that?" The court then addressed Gay personally, explaining that the wearing of street clothes helps a defendant get a fair trial and makes it easier for the jury to presume he is innocent. The court then offered Gay an opportunity to change into street clothes. Gay responded that he just did not want to change his clothes. The court informed Gay that he would be giving up his right to argue on appeal that he was not allowed to wear street clothes and asked him if he understood that. Defense counsel then took a moment to confer privately with Gay and announced that they were ready to proceed.

A criminal defendant may certainly waive the procedural right to wear civilian clothing at trial.[12] It is clear that Gay himself knowingly and expressly waived any objection he had to wearing prison attire in court. We cannot agree that counsel's representation fell below a standard of reasonableness simply because he allowed Gay, after discussion with counsel and the trial judge, to decide that he would rather wear prison attire than street clothing to court.

And, even if we agreed with Gay that counsel was somehow deficient by allowing Gay to waive his right not to be tried in prison attire, we cannot say that there is a reasonable chance that the outcome of the trial would have been different had counsel not acquiesced to a waiver.[13] The evidence against Gay was strong, and it is

---

[10] *Walker v. State*, 210 Ga. App. 33-34 (435 SE2d 259) (1993).

[11] *Fults v. State*, 274 Ga. 82, 87 (7) (548 SE2d 315) (2001).

[12] *Choi v. State*, 269 Ga. 376, 378 (4) (497 SE2d 563) (1998); *Johnson v. State*, 243 Ga. App. 891, 892 (1) (534 SE2d 563) (2000).

[13] See *Johnson*, supra, 243 Ga. App. at 892 (1).

not likely that Gay's choice of clothing changed the outcome of the trial.

Accordingly, Gay's contention that he was denied effective assistance of counsel based on his wearing of prison attire to court is without merit.

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

DECIDED DECEMBER 13, 2002.

*Thomas S. Robinson III*, for appellant.

*Paul L. Howard, Jr.,* District Attorney, *Marc A. Mallon,* Assistant District Attorney, for appellee.

