## A04A1332. WALKER v. THE STATE.
(602 SE2d 351)

JOHNSON, Presiding Judge.

A jury found Jimmie Walker guilty of shoplifting, and the trial court sentenced him under the general recidivist statute. Walker appeals, alleging (1) the state failed to prove the item was stolen from a store in Henry County, (2) the trial court erred in failing to grant a continuance, (3) the prosecutor improperly questioned a defense witness, (4) trial counsel rendered ineffective assistance, and (5) the trial court erred in utilizing the general recidivist statute. We find no error and affirm Walker's conviction.

On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence; moreover, this Court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.[1] "Resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of

---

[1] *Cockrell v. State*, 248 Ga. App. 359 (1) (545 SE2d 600) (2001).

the factfinder, not this Court."[2] As long as there is some evidence, even though contradicted, to support each necessary element of the state's case, this Court will uphold the jury's verdict.[3]

Viewed in this light, the evidence shows that an off-duty officer working an extra job at a Wal-Mart store in Henry County arrived at 11:00 p.m. and noticed a DVD player in a shopping cart near the customer service manager's podium. This was not the return section of the store. Around 11:30 p.m. the officer was called to the front of the store by the customer service manager who had detained Walker trying to exit the store with the DVD player. Walker claimed he brought the DVD player into the store, but the officer testified that he saw Walker enter the store empty-handed. A store video also showed Walker entering the store empty-handed and leaving with the DVD player.

The store manager testified that she saw the DVD player next to the manager's podium when she came on duty at 10:00 p.m. She next saw Walker with the DVD player in the cart. He was standing at the end of one of the lines at a register. Walker stood in line for five-seven minutes, then, without paying, moved the cart around the register to the exit. The store manager stopped Walker and asked for his receipt. Walker stated he did not have a receipt, but did not offer an explanation. The store manager then called the officer to the front of the store.

The store manager scanned the item and determined that the item was in stock that night. She testified that she could not have pulled the item up on the computer if the store did not stock the item. She further testified that she knew the DVD player had not been returned to the store because it did not have a return sticker on it. She also checked with the employees at the service desk to confirm that it had not been returned. The store manager testified that the DVD player cost $412.34 with tax.

An on-duty officer was called. Walker told this officer that Wal-Mart did not have the DVD player in stock, so he could not be charged with shoplifting. Then Walker changed his story and said someone must have brought the DVD player in for a return, so he could not be charged with shoplifting. Later, Walker stated that his brother brought the DVD player in to return it, but when he could not return it Walker decided to take it out of the store. At trial Walker testified that James Hutchison had called him and asked Walker to meet him at Wal-Mart so that Hutchison could use Walker's identification for a return. When Walker arrived at Wal-Mart, he saw

[2] *Odett v. State*, 273 Ga. 353-354 (1) (541 SE2d 29) (2001).

[3] *Parnell v. State*, 260 Ga. App. 213, 218 (6) (581 SE2d 263) (2003).

Hutchison at the service desk. Walker told Hutchison to leave Wal-Mart because Hutchison was drunk and could not do the return. Walker then went to the electronics section to get some prices of items, then returned to the service podium, removed the DVD player and proceeded to exit the store.

1. Walker contends the state failed to prove that the DVD player was taken from the Wal-Mart store in Henry County, thus failing to prove venue. According to Walker, the DVD player could have come from any Wal-Mart store. However, the customer service manager testified that she scanned the item to get the price and determined that the item was in stock at their Henry County store. The manager further testified that it "wouldn't come up in our system, well, if it didn't come from our store, we couldn't pull it up." This enumeration of error lacks merit.

2. Walker claims the trial court erred in failing to grant a continuance because he thought the trial court was going to call another case for trial instead of this case. All applications for continuance are addressed to the sound legal discretion of the court and, if not expressly provided for, shall be granted or refused as the ends of justice may require.[4] Here, Walker's counsel was appointed on November 18, 2002, and the case was called for trial on March 12, 2003. In addition, the trial court noted that Walker had announced ready for trial on February 10, 2003, and on the previous Monday. In lieu of a continuance of the entire trial, the trial court did allow the attorneys to pick a jury and then continue the case until the next morning. According to the trial court, this extra time would give defense counsel "plenty of time to get ready for not a complicated case." We find no abuse of discretion.

3. According to Walker, the trial court improperly allowed the state to question a witness about his criminal record. We find no error. The record shows that during the course of the trial Walker learned about a jail inmate who supposedly had knowledge regarding Walker's meeting with Hutchison. The state objected to any testimony by the inmate because the inmate was not listed on a witness list and the state had no knowledge about the inmate and his testimony. The state then requested that if the trial court allowed the witness to testify "that I be given leeway in my cross as far as his prior criminal history, because I have not had time and opportunity to obtain certified copies. All I have is a printout of his criminal history. I just ask for leeway in my cross-examination." The trial court noted that it had earlier in the case precluded the defense from presenting a witness because the witness was not on the witness list. However, rather than

[4] OCGA § 17-8-22.

exclude the inmate's testimony, the trial court, the state and defense counsel all agreed that the state would be permitted leeway in cross-examining the inmate regarding his criminal history.

During cross-examination, the state asked the inmate why he was in jail. The inmate responded: "I have some driving offenses. I also have a Theft by Taking. Also I have some misdemeanors. I have some drug charges also." After the inmate indicated that the state had his record, the state read the charges which were pending against the inmate. Subsequently, the state asked the inmate how many times he had been arrested. The inmate replied, "I do not recall, six or eight times." The state then asked, "Could it be twenty? Twenty? That's what that's showing." The inmate responded, "If that's my record, sir."

Walker contends that the trial court improperly permitted the state to impeach the inmate with his number of lifetime arrests, pending charges not reduced to conviction, or pending charges not involving crimes of moral turpitude or felonies. However, Walker agreed to let the trial court give the state leeway in questioning the witness about his criminal history because the state had not been given the proper notice about the witness and could not get any certified copies of convictions before the witness testified. A party cannot complain of error that his own legal strategy, trial procedure or conduct aided in causing.[5] In addition, at one point Walker's attorney objected to the state's line of questioning, but then withdrew his objection. Failing to object to the state's cross-examination waives this issue on appeal.[6] This enumeration of error lacks merit. We will, however, consider Walker's argument in the context of his ineffective assistance of counsel claim.[7]

4. Walker next contends that his trial counsel provided ineffective assistance of counsel because he (1) failed to object to the state's cross-examination of the inmate, (2) failed to subpoena Wal-Mart records, and (3) failed to object to jurors seeing him in shackles and jail clothes.

To prevail on a claim of ineffective assistance of counsel, a defendant must show two things: (1) that counsel's performance was deficient, and (2) that the deficiency prejudiced the defense.[8] The trial judge, who oversaw the trial and heard the evidence presented at the hearing on the motion for new trial, makes the findings on whether

---

[5] See *Sharpe v. Dept. of Transp.*, 270 Ga. 101, 103 (505 SE2d 473) (1998); *Parnell*, supra at 215 (2).

[6] See *Mitchell v. State*, 242 Ga. App. 177, 179 (3) (529 SE2d 169) (2000).

[7] See id.

[8] *Fults v. State*, 274 Ga. 82, 83-84 (2) (548 SE2d 315) (2001).

the performance was deficient and whether it prejudiced the defendant, findings that this Court does not disturb unless clearly erroneous.[9] In evaluating an attorney's performance, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.[10]

(a) We first address Walker's asserted error regarding his trial counsel's failure to object to the state's cross-examination of the inmate. Under OCGA § 17-16-6, the trial court had discretion to exclude this witness upon a showing of prejudice to the state and bad faith by the defense. Implicit in the trial court's decision that it was permitted to exclude the inmate from testifying is the determination that prejudice and bad faith were shown.[11] The trial court's rulings on these matters are accepted unless they are clearly erroneous, and this determination is supported by the evidence.[12] The record shows that defense counsel had been denied a continuance the day before this "surprise" witness was located at the jail with Walker. And, the identity of the witness was provided to the state so late as to prevent the state from adequately investigating the inmate, his testimony, and his criminal history. It would not have been an abuse of discretion had the trial court excluded this witness.[13]

Since it would not have been error to have excluded the witness' testimony, allowing the inmate to testify in exchange for allowing the state wide latitude in cross-examining the inmate regarding his criminal history was a compromise both parties accepted. Under these circumstances, the failure of Walker's trial counsel to make objections regarding the state's cross-examination is not evidence that counsel's performance fell below the acceptable constitutional standard of reasonably effective assistance that members of the bar in good standing are presumed to render.[14]

Furthermore, a court need not determine whether trial counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiency.[15] Assuming, as appellant's counsel suggests, that trial counsel's failure to object constituted deficient performance, Walker, nevertheless, must prove that the deficient performance so prejudiced his defense that there is a reasonable likelihood that, but for counsel's error, the outcome of

---

[9] Kilpatrick v. State, 252 Ga. App. 900, 902 (1) (557 SE2d 460) (2001).

[10] Rucker v. State, 271 Ga. 426, 427 (520 SE2d 693) (1999).

[11] Sullivan v. State, 242 Ga. App. 839, 841 (4) (531 SE2d 367) (2000).

[12] Id.

[13] See id.

[14] See Hayes v. State, 262 Ga. 881, 884-885 (3) (c) (426 SE2d 886) (1993); Green v. State, 242 Ga. App. 868, 872 (5) (a) (532 SE2d 111) (2000).

[15] See Mency v. State, 228 Ga. App. 640, 645 (2) (c) (492 SE2d 692) (1997).

the trial would have been different.[16] Since it would not have constituted error to have excluded the testimony of the inmate altogether, Walker has not carried his burden of establishing the prejudice prong of ineffective assistance of counsel. Moreover, the evidence against Walker was overwhelming, especially given the numerous and differing versions of the events Walker gave when stopped at the Wal-Mart store and at trial. The trial court did not clearly err in finding that Walker's counsel rendered effective assistance of counsel on this ground.

(b) Walker claims his trial counsel was ineffective for failing to subpoena Wal-Mart records. According to Walker, these records may have shown that the DVD player came from a different Wal-Mart. However, the store manager established that the DVD player came from her store and was in stock on the night in question. Walker has not carried his burden of establishing the prejudice prong of ineffective assistance of counsel.

(c) Trial counsel did not render ineffective assistance of counsel by failing to object to jurors seeing Walker in shackles and jail clothes. The record shows that after the trial court denied Walker's request for a continuance, Walker's counsel provided him with a sport coat. The trial court also slid some rolling file cabinets in front of Walker to hide his leg area. The parties picked the jury, and then the case was continued until the next day, when Walker showed up in street clothes. Walker has failed to present any evidence showing that the jury would have known he was in custody due to his clothing. Nevertheless, pretermitting whether trial counsel was deficient by not making a timely objection to Walker's appearance during voir dire, we cannot say that there is a reasonable chance that the outcome of the trial would have been different had counsel made a timely objection. We cannot presume the jury was unfairly tainted by Walker's clothing.[17]

Walker also argues that jurors saw him in shackles or handcuffs when he was taken from the elevator to the holding cell. However, Walker has failed to identify any of the individuals he claims were in the hallway. He thus has failed to establish how the incident prejudiced him.[18]

5. Walker contends the trial court erred in denying his motion for a new trial based on the lack of venue and the state's cross-examination of the inmate. Because these arguments lacked merit,

---

[16] See *Bales v. State*, 277 Ga. 713, 715 (2) (594 SE2d 644) (2004).

[17] See *Johnson v. State*, 243 Ga. App. 891, 892-893 (1) (534 SE2d 563) (2000).

[18] See *Page v. State*, 250 Ga. App. 494, 497 (5) (552 SE2d 99) (2001).

as discussed in Divisions 1 and 3, the trial court did not err in denying Walker's motion for a new trial on these grounds.

6. Walker argues that the trial court improperly sentenced him under the general recidivist statute, OCGA § 17-10-7 (c), when he should have been sentenced for his shoplifting conviction under the specific shoplifting statute, OCGA § 16-8-14. We find no error.

The state properly served Walker with notice that certified copies of his three prior felony convictions would be used against him in sentencing as required by OCGA § 17-10-2 (a). Once Walker's prior convictions were offered, the trial court was authorized to sentence Walker pursuant to OCGA § 17-10-7. Moreover, contrary to Walker's assertion, the specific shoplifting statute regarding sentencing for multiple shoplifting offenses does not apply because none of Walker's prior felony convictions involved shoplifting. "There is a presumption that a sentence was correctly imposed, and the burden of showing that a sentence was not correctly imposed is with the party who asserts its impropriety."[19] Walker has failed to carry his burden, and we find that his contention is without merit.

*Judgment affirmed. Smith, C. J., and Phipps, J., concur.*

DECIDED JULY 22, 2004 — ■■■■■■■■■■■■■

*Lloyd J. Matthews*, for appellant.
*Tommy K. Floyd, District Attorney, Thomas R. McBerry, Assistant District Attorney*, for appellee.

---

[19] (Citation and punctuation omitted.) *Lynn v. State*, 236 Ga. App. 600, 604 (3) (512 SE2d 695) (1999).