A08A1509. PALMER v. THE STATE.
(668 SE2d 523)

SMITH, Presiding Judge.

Sammy Bernard Palmer and a co-defendant, Ryan Ellsworth, were indicted for a variety of offenses arising out of a traffic stop in Cherokee County. Ellsworth pleaded guilty to one count of violating the Georgia Controlled Substances Act and testified against Palmer. At trial, a jury found Palmer guilty of possession of cocaine, obstruction of a police officer, giving a false name, and giving a false date of

birth. He appeals from the judgment of conviction for possession of cocaine, asserting the general grounds and error by the trial court in denying a motion for continuance and in refusing a requested charge on mere presence. Finding no error, we affirm.

1. We first address the general grounds. Construed to support the verdict, the evidence shows that Palmer was the front seat passenger in a pickup truck driven by Ellsworth when they were stopped by a Cherokee County deputy sheriff because a taillight on the truck was out and it had an expired dealer drive-out tag. The deputy approached the truck and asked the occupants for identification. Palmer responded that he had no identification because "he was sixteen years old but had never gone to get a license." The deputy was immediately suspicious and decided to investigate further because Palmer looked much older than 16. He asked Palmer his name, date of birth, and any other identifying information he could supply. Palmer said his name was "Willie Preston" and, after some hesitation, stated that his date of birth was October 31, 1987. That birth date, however, "would have made him nineteen, turning twenty that upcoming October." The deputy conferred with another officer who had arrived on the scene, and they decided to "talk to them separately and see if we could get to the truth of it."

Ellsworth gave written consent to a search of the vehicle. When the first deputy searched Ellsworth's person, he found a white powder residue which tested positive for cocaine and a piece of a drinking straw with white powder on it.

Meanwhile, the second deputy searched the truck and almost immediately saw a small jewelry bag that appeared to have been stuffed down between the passenger seat and the door. The bag contained a white powder residue that tested positive for cocaine. No other suspected contraband was found in the vehicle. The second deputy immediately placed Palmer under arrest based on his position in the vehicle relative to the contraband. Palmer's co-defendant testified that the cocaine recovered from between the passenger seat and the door of the truck was not his and that he had never seen it before the trial.

Because of Palmer's insistence that he was a minor, he was taken to a juvenile intake holding cell and was kept under observation by a third deputy until his actual age was verified and he was transferred to the adult jail. At that time, the third deputy performed a more thorough search and discovered another small jewelry bag containing a white powdery substance in Palmer's pants. This substance also tested positive for cocaine.

This evidence was more than adequate to support the jury's verdict. Not only was cocaine found in close proximity to Palmer's position in the vehicle and in a condition suggesting recent conceal-

ment, cocaine packaged in the same type of bag was discovered on his person during a search. While Palmer attempts to discount the testimony regarding the cocaine on his person as "disputed" or "dubious," on appellate review "[w]e do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt." (Citations and punctuation omitted.) *Sullivan v. State*, 277 Ga. App. 738, 739 (627 SE2d 437) (2006). The evidence was sufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Palmer next complains that the trial court erred in refusing to grant a continuance for him to obtain civilian clothing, thus forcing him to appear for the first day of trial in "jail attire." According to Palmer's counsel, his sister had brought some of his own clothing to the jail on the previous day, but jail personnel refused to give it to him.

"A criminal defendant has a right to appear before a jury in civilian clothes. But it is not error to try a defendant in prison garb which bears no distinctive markings or is not otherwise different from normal civilian attire." (Citations and footnotes omitted.) *Johnson v. State*, 243 Ga. App. 891, 892 (1) (534 SE2d 563) (2000). The clothing given to Palmer at trial was photographed and appears in the record. Palmer is shown wearing a plain white oxford shirt, navy slacks and white tennis shoes, with no markings or unusual designs to indicate that they were anything other than "just plain old clothes," as the trial court observed. "[O]ur examination of the photograph supports this conclusion." *Wilburn v. State*, 278 Ga. App. 542, 545 (2) (a) (629 SE2d 267) (2006).

Palmer also argues that he had made arrangements for his own clothing, and he adds that the shirt provided by the jail did not fit him well, the navy slacks had an elastic waistband, and the tennis shoes were too bright a shade of white. But the right guaranteed to Palmer is the right to appear in civilian clothes, not the particular civilian clothes of his fashion preference.

> It is well established in Georgia that a criminal defendant has a right to appear at trial in civilian clothes rather than prison clothing. A defendant does not, however, have the right to dictate to the court *which* civilian clothing he will wear. See *Brown v. State*, 201 Ga. App. 510, 511 (1) (411 SE2d 366) (1991).

*Colley v. State*, 225 Ga. App. 198, 200 (2) (483 SE2d 355) (1997). This is true even though the defendant contends he had other civilian clothing available to wear. See, e.g., *Carswell v. State*, 163 Ga. App.

743, 744 (1) (295 SE2d 548) (1982); *Hayslip v. State*, 154 Ga. App. 835 (1) (270 SE2d 61) (1980).

Palmer argues that, unlike the appellant in *Johnson*, supra, he interposed a timely objection to being tried in jail attire. But even though we held in *Johnson* that the appellant had waived his right to appear in civilian clothing by failing to make a timely request, we went on to consider the merits of Johnson's claim. We concluded that because it did not appear that the jury could have identified the markings on Johnson's clothing as "prison insignia" and because he was "not exposed to the jury in his prison clothing once the presentation of evidence began," we could not "presume that the jury was unfairly tainted." Id., 243 Ga. App. at 893 (1). And Palmer acknowledged that his sister had only brought the clothing on the preceding day and had failed to follow the jail procedure for transferring clothing to inmates, so that the clothing was not available for him in any event. Under these circumstances, the trial court's refusal to allow a continuance was not error.

3. Finally, Palmer contends the trial court erred in refusing his written request to charge on mere presence or mere association. We disagree, for two reasons. First, as noted in Division 1, the State presented additional evidence beyond the mere presence of Palmer at the scene of the crime, including the testimony of the co-defendant, Palmer's attempts to conceal his identity and age, his proximity to hastily concealed contraband, and the discovery of additional contraband packaged in the same manner on his person. See *Mattox v. State*, 196 Ga. App. 64, 66 (3) (395 SE2d 288) (1990).

Second,

> [t]he rule that mere presence at the scene of a crime is insufficient to convict is actually a corollary to the requirement that the State prove each element of the offense charged. . . . [T]he trial court here correctly instructed the jury on the duty of the State to prove each element of the crime beyond a reasonable doubt and instructed the jury fully on the law of circumstantial evidence. Under these circumstances, there was no reversible error in the refusal to give [the] requested charge.

(Citations, punctuation and footnotes omitted.) *Hulsey v. State*, 284 Ga. App. 461, 462 (2) (643 SE2d 888) (2007). See also *Muhammad v. State*, 243 Ga. 404, 405-406 (1) (254 SE2d 356) (1979). Here, the trial court fully instructed the jury on the presumption of innocence, the requirement that the State prove each element of the offenses charged beyond a reasonable doubt, circumstantial evidence, intent, and joint and constructive possession. " 'The foregoing jury charges

were full and fair and, in view of them, the trial court's refusal to instruct the jury on mere presence, association or suspicion did not constitute reversible error under the facts of this case.' *Muhammad v. State*, supra at 406 (1)." (Punctuation omitted.) *Mattox*, supra, 196 Ga. App. at 66 (3).

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED OCTOBER 16, 2008.

*Kevin J. Wilson*, for appellant.
*Garry T. Moss, District Attorney, Sara A. Thompson, Assistant District Attorney*, for appellee.