A10A0735. STOTT v. THE STATE.
(697 SE2d 257)

BARNES, Presiding Judge.

A jury found Timothy Alan Stott guilty of child molestation and incest. Stott appeals, challenging the sufficiency of the evidence. He also argues that he received ineffective assistance of counsel at trial. For reasons that follow, we affirm.

1. On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys a presumption of innocence. See *Vaughn v. State*, 301 Ga. App.

---

391 (687 SE2d 651) (2009). We do not weigh the evidence or resolve issues of witness credibility, but merely determine whether the evidence was sufficient to find the defendant guilty beyond a reasonable doubt. Id.

So viewed, the evidence shows that in April 2007, 17-year-old R. B. informed her parents that Stott, her maternal uncle, had been raping her since she was 14 years old. Although R. B. had previously reported the abuse to several friends, she did not tell her parents until 2007 because she was scared of Stott and did not want to hurt her family. At trial, R. B. testified that on numerous occasions beginning in 2004, Stott had sexual intercourse with her, touched her breasts and vagina with his mouth, touched her with sex toys, showed her pornography, and placed her mouth on his penis. Stott testified on his own behalf and denied all of the allegations.

The jury found Stott guilty of child molestation by placing his penis on R. B.'s vagina and incest by engaging in sexual intercourse with his niece. Stott challenges these verdicts on appeal, asserting that R. B.'s testimony and allegations were not believable. But the jury, not this Court, is tasked with resolving issues of witness credibility. *Vaughn*, supra at 392. And given the evidence presented, including R. B.'s trial testimony, the jury was authorized to find Stott guilty beyond a reasonable doubt of child molestation and incest. See OCGA §§ 16-6-4 (a) (defining child molestation); 16-6-22 (a) (6) (crime of incest includes sexual intercourse between uncle and niece); see also *Vaughn*, supra (testimony of victim, standing alone, sufficient to support conviction).

2. Stott also contends that he received ineffective assistance of counsel at trial. To establish an ineffective assistance claim, Stott must demonstrate that trial counsel's performance was deficient and that the deficiency prejudiced his defense. *Page v. State*, 250 Ga. App. 494, 497 (5) (552 SE2d 99) (2001). Failure to satisfy either requirement is fatal to the claim. Id.

(a) Stott first argues that trial counsel should have moved for a mistrial when "at least one jury member saw [him] in an incarcerated state." According to Stott, a juror observed him in a police vehicle while he was being transported to the courthouse, and he was "possibly" seen walking through a courthouse hallway in shackles. Stott informed trial counsel about the possible sightings at trial, but counsel could not recall at the motion for new trial hearing whether he brought the issue to the trial court's attention.

As an initial matter, Stott offered no clear evidence that he was, in fact, seen in a custodial situation. He testified that he noticed the jury foreman standing on the sidewalk as the police car in which he was riding drove past. Stott suspects that the foreman may have viewed him in the car. But he offered no definitive evidence that the

foreman — or any other juror — saw him in a patrol car or outside of the courtroom in police custody.

Moreover, "[a]lthough a defendant has the right to be free of the atmosphere of partiality created by the use of excessive guards or shackles in the courtroom, the mere fact of seeing an indicted accused in custody — not in the courtroom, as in the instant case, is not grounds for an automatic mistrial." *Smith v. State*, 294 Ga. App. 692, 701 (8) (670 SE2d 191) (2008). Even if his trial counsel had moved for a mistrial, Stott has not demonstrated any likelihood that the motion would have been granted, particularly given the vague circumstances surrounding the alleged sightings. And assuming custodial sightings occurred, he has not shown that the sightings tainted the jury or prejudiced him. See id. (defendant did not call jurors to testify at motion for new trial hearing and thus failed to show prejudice from custodial sighting). Accordingly, he cannot satisfy the prejudice prong of his ineffective assistance claim. See *Page*, supra.

(b) Stott also argues that trial counsel was deficient in not requesting a continuance to allow him to shave before voir dire. At the motion for new trial hearing, trial counsel testified that on the day of jury selection, Stott arrived from jail unshaven, with "a couple of days of stubble" or growth. Trial counsel raised the issue with the trial court, and Stott was allowed to shave before trial commenced the following day.

Stott contends that trial counsel should have moved for a continuance prior to voir dire so that he could "put his best foot forward when meeting his potential jury for the first time." But he has shown no likelihood that a continuance would have been granted had counsel requested a delay. As noted by Stott, a defendant has a right to appear before the jury in civilian clothing. *Palmer v. State*, 294 Ga. App. 85, 87 (2) (668 SE2d 523) (2008). Stott, however, does not question his attire, and he admittedly was wearing civilian clothes at voir dire. He complains only about the stubble on his face. These circumstances did not require a continuance. See id.

Furthermore, Stott has not demonstrated that his appearance tainted the jury or affected the outcome of the trial, and we will not presume any unfair taint here. *Walker v. State*, 268 Ga. App. 669, 674 (4) (c) (602 SE2d 351) (2004). Once again, therefore, Stott cannot show the prejudice necessary to support an ineffective assistance claim. Id.; see also *Ruffin v. State*, 283 Ga. 87, 90 (12) (a) (656 SE2d 140) (2008) (to demonstrate ineffective assistance based on failure to request continuance, defendant must show likelihood that verdict would have been different had counsel moved for a delay).

*Judgment affirmed. Blackburn and Bernes, JJ., concur.*

DECIDED JUNE 22, 2010.

*Mary E. Simpson, Sandra J. Bailey*, for appellant.
*Richard R. Read, District Attorney, Roberta A. Earnhardt, Assistant District Attorney*, for appellee.