## A11A0800. JONES v. THE STATE.
### (717 SE2d 526)

DOYLE, Judge.

A Camden County jury found George Jones guilty of armed robbery[1] in 2001. Following his conviction, Jones filed a direct appeal. In an unpublished opinion, this Court affirmed Jones's conviction and remanded the case to allow the trial court an opportunity to address his claim of ineffective assistance of counsel. Jones now appeals from the trial court's denial of his motion for new trial based on his claim of ineffective assistance of counsel. For the

---

[1] OCGA § 16-8-41 (a).

reasons that follow, we affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict.[2] So viewed, the evidence presented at trial showed that on March 29, 2001, a man, identified as Jones, was shopping at a Belk's store. Jones brought some merchandise to the counter and asked the salesperson to remove the security tags while he picked up an additional item. When Jones returned with a shirt, he told the salesperson not to ring up the items, but simply to put them in a bag. As Jones made his request, he lifted up his shirt revealing a gun, which he had in the waistband of his pants. Jones then demanded all of the money from the cash register, which totaled $269.

As Jones left the store, another employee followed him and witnessed him driving away in a maroon pickup truck with chrome tail light covers. Police dispatched a lookout bulletin for the truck. Shortly thereafter, a Georgia State Patrol Trooper saw the truck, and he followed Jones to a gas station in Florida. The trooper approached the truck and ordered Jones to keep his hands on the steering wheel. Jones then threw a gun out the window and sped off. The trooper retrieved the weapon, and eventually, Jones's truck was forced off the road in Florida. The arresting officers discovered two shopping bags from Belk's containing the stolen merchandise, and a search of Jones yielded approximately $270 in cash.

1. Jones contends that he received ineffective assistance due to trial counsel's and first appellate counsel's failure to raise or develop evidence of bias stemming from two jurors' view of him in handcuffs and shackles during his trial. We disagree.

To succeed on an ineffective assistance of counsel claim, a criminal defendant must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced him.[3] To sufficiently demonstrate prejudice, a defendant must show that "there is a reasonable probability (i.e., a probability sufficient to undermine confidence in the outcome) that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[4] If either prong of the test is not met, the other prong need not be examined by the reviewing court.[5] "In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result

---

[2] See *Vaughn v. State*, 301 Ga. App. 391 (687 SE2d 651) (2009).

[3] *Mobley v. State*, 271 Ga. 577 (523 SE2d 9) (1999), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[4] (Punctuation omitted.) *Whatley v. Terry*, 284 Ga. 555, 564 (V) (668 SE2d 651) (2008).

[5] See *Strickland*, 466 U. S. at 697 (IV).

of the alleged deficiencies."[6] "There is a strong presumption that the performance of trial counsel falls within the wide range of reasonable professional assistance. The reasonableness of the conduct is viewed at the time of trial and under the circumstances of the case."[7]

The testimony presented at Jones's motion-for-new-trial hearing shows that after the jury was dismissed for lunch, the defendant was transported back to the jail. The two jurors saw Jones "in handcuffs and shackles" as they were exiting their vehicles. Jones identified one of the jurors as Ms. Fountain and the other as a man "driving a red and black GMC pickup." When asked how he knew that the jurors saw him in shackles, Jones testified that they looked directly at him, and that "they'd had to be pretty much blind not to see [him]." After returning to the defense table for trial, Jones informed trial counsel that the two jurors had seen him in handcuffs and shackles, but trial counsel did not pursue the matter further, as he did not "feel that it was worth . . . possibly tainting the jury."

(a) Jones first asserts that trial counsel rendered ineffective assistance by failing to develop or present evidence regarding the jurors seeing him in handcuffs and shackles. Nevertheless, the trial court correctly denied Jones's motion for new trial on this issue. Even assuming that the two jurors saw him in handcuffs and shackles, "[w]e cannot presume the jury was unfairly tainted by [Jones's] appearance."[8] The evidence, as stated above, was overwhelming, and thus, "we cannot say that there is a reasonable chance that the outcome of the trial would have been different . . . ."[9]

(b) Jones further contends that his first appellate counsel's failure to raise or develop evidence at the motion-for-new-trial hearing regarding jurors seeing him in handcuffs and shackles constituted ineffective assistance of counsel. Jones's argument is without merit.

Jones argues that his first appellate counsel "could have put up actual juror witnesses in support of the magnitude of [the] impression on the jurors" seeing him in shackles. Jones, however, fails in his brief on appeal to present any evidence as to what the testimony of these juror witnesses would have been.[10] Without this evidence,

[6] Id.

[7] (Punctuation omitted.) *Williams v. State*, 277 Ga. 853, 857 (6) (596 SE2d 597) (2004).

[8] (Punctuation omitted.) *Stevenson v. State*, 272 Ga. App. 335, 342 (3) (d) (612 SE2d 521) (2005). See also *Casey v. State*, 237 Ga. App. 461, 462 (1) (515 SE2d 429) (1999) (no evidence was in the record that any of the jurors actually saw defendant in handcuffs and defendant's burden of establishing prejudice was not met); *Whatley*, 284 Ga. at 572 (V) (D) (holding that based on evidence presented at trial, no reasonable probability existed that shackling during the sentencing phase affected the jury's sentence selection).

[9] (Punctuation omitted.) *Stevenson*, 272 Ga. App. at 342 (3) (d).

[10] See *Stott v. State*, 304 Ga. App. 560, 563 (2) (a) (697 SE2d 257) (2010). See also

Jones "has not shown that the sightings tainted the jury or prejudiced him."[11] "Accordingly, we cannot say that it was clear error for the trial court to deny the motion on [these] ground[s]."[12]

2. Next, Jones argues that both trial counsel and first appellate counsel rendered ineffective assistance by failing to raise the defense that a fatal variance existed between the indictment and the evidence. Specifically, Jones asserts that there was a fatal variance between armed robbery with the use of a "pellet pistol" as alleged in the indictment and the evidence presented at trial that the perpetrator actually wielded a "BB gun." We disagree.

(a) With regard to his contention that trial counsel was deficient for failing to raise the issue of fatal variance at trial, Jones failed to raise this issue before the trial court in his motion for new trial and has therefore waived it.[13]

(b) Jones further asserts that he received ineffective assistance because his first appellate counsel failed to raise this issue. We find this argument without merit. The distinction between a pellet gun and a BB gun "does not constitute a fatal variance between the allegata and the probata."[14]

> If the indictment sets out the offense as done in a particular way, the proof must show it so, or there will be a variance . . . [n]ot every variance in proof from that alleged in the indictment is fatal. The crucial requirements are (1) that the accused be definitely informed as to the charges against him, so that he is able to present his defense, and (2) that he may be protected against another prosecution for the same offense. Unless the variance subjects defendant to one of these dangers it is not fatal.[15]

In this case, Jones was informed of the charge against him and there was no risk that he would be placed in jeopardy twice for the same offense. Specifically, Jones was informed that he was charged with armed robbery of certain items on a certain date by use of an

---

*Stevenson*, 272 Ga. App. at 342 (3) (d).

[11] *Stott*, 304 Ga. App. at 562 (2) (a).

[12] *Stevenson*, 272 Ga. App. at 341 (3). See *Smallwood v. State*, 296 Ga. App. 16, 21 (4) (673 SE2d 537) (2009) ("[A] trial court's finding that a defendant has been afforded effective assistance of counsel will be affirmed on appeal unless clearly erroneous.") (punctuation and footnote omitted).

[13] See *Gregory v. State*, 277 Ga. App. 664, 669 (5) (627 SE2d 79) (2006) (failure to raise a claim of ineffective assistance of counsel at "the earliest practicable moment . . . is a bar to raising the issue at a later time.") (punctuation and footnote omitted).

[14] *Lawson v. State*, 278 Ga. App. 852, 853 (2) (630 SE2d 131) (2006).

[15] (Citations and punctuation omitted.) *Glass v. State*, 199 Ga. App. 530, 531 (1) (405 SE2d 522) (1991).

offensive weapon.[16] The variance in the specific type of offensive weapon did not affect his defense. In other cases, we have determined that no fatal variance existed when addressing such discrepancies in nomenclature. For example, in *Johnson v. State*, we held that evidence of a "BB gun" did not fatally vary from an indictment listing a "handgun" as the weapon.[17] Similarly, there is no fatal variance here between the indictment that alleged that Jones committed armed robbery by use of a "pellet pistol" and evidence that showed that the weapon used was a "BB gun."

Because we have determined that no fatal variance existed, Jones's assertion that first appellate counsel rendered ineffective assistance for failure to raise the issue on appeal also fails.[18]

*Judgment affirmed. Ellington, C. J., and Miller, P. J., concur.*

DECIDED OCTOBER 13, 2011.

*Grayson P. Lane*, for appellant.

*Jacquelyn L. Johnson, District Attorney, Rocky L. Bridges, Assistant District Attorney*, for appellee.

---

[16] The indictment specified the use of a "pellet pistol." We have previously concluded that a pellet pistol can be considered an offensive weapon. *Fleming v. State*, 233 Ga. App. 483, 484 (1) (504 SE2d 542) (1998), rev'd on other grounds, 271 Ga. 587 (523 SE2d 315) (1999).

[17] 266 Ga. App. 898, 900 (2) (598 SE2d 551) (2004). See also *Mathis v. State*, 299 Ga. App. 831, 833 (1) (a) (684 SE2d 6) (2009) (evidence of a "pellet gun" and the indictment listed a "handgun"); *Palmer v. State*, 286 Ga. App. 751, 754 (2) (650 SE2d 255) (2007) (evidence of a "BB gun" and the indictment listed a "pistol").

[18] *Gibson v. State*, 291 Ga. App. 183, 188 (3) (661 SE2d 850) (2008) ("Failure to make a meritless or futile objection or motion cannot be evidence of ineffective assistance.") (punctuation and footnote omitted).