# Court of Appeals
# of the State of Georgia

ATLANTA, __October 22, 2013__

*The Court of Appeals hereby passes the following order:*

**A14A0133.  GEORGE R. JONES v. THE STATE.**

In 2001, George R. Jones was convicted of armed robbery.  On appeal, we affirmed his conviction but remanded for the trial court to address his claim of ineffective assistance of counsel.  See Case No. A02A0634 (unpublished opinion).  On remand, the trial court rejected the ineffective assistance claim, and Jones again appealed.  Once more, we affirmed.  *Jones v. State*, 312 Ga. App. 15 (717 SE2d 526) (2011).  The remittitur after that appeal issued on December 2, 2011.  In June 2013, Jones filed a motion to modify his sentence.  The trial court denied the motion, and Jones appeals.  We, however, lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later.  *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118 (676 SE2d 465) (2009). Once this statutory period expires, as it had here when Jones filed his motion, a trial court may modify a sentence only if it is void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). A sentence is void only if it imposes punishment that the law does not allow.  *Von Thomas v. State*, __ Ga. __ (Case No. S13G0198, decided September 9, 2013).

In his motion, Jones argued that his indictment was fatally defective and that the evidence at trial showed that he actually was guilty of the less serious offense of robbery by intimidation, rather than armed robbery.  These, however, are challenges to Jones's conviction, rather than to his sentence.  As the Supreme Court has made clear, a post-conviction motion to vacate an allegedly void criminal conviction is not one of the established procedures for challenging the validity of a judgment in a

criminal case, and an appeal from the trial court's ruling on such a petition should be dismissed.  See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010).

Because Jones did not raise a colorable void-sentence claim, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,* <u>10/22/2013</u>
      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ *, Clerk.*