A11A0494. CROSS v. THE STATE.
(710 SE2d 928)

SMITH, Presiding Judge.

Marcus Cross appeals from his convictions for two counts of burglary, asserting that insufficient evidence supports them and that the trial court erred by overruling his objection to an in-court

---

identification. For the reasons set forth below, we affirm.

Viewed in the light most favorable to the verdict, the record shows that Samantha Garcia saw "three young African Americans . . . walking up into the cul-de-sac" when she went outside to check the mail. She noticed that they went up and down the street "casing back and forth," and that when she saw them the third time, they had game controllers in their hands. The witness testified that they walked to what "looked like a purple Ford Expedition" and placed the game controllers in the back seat. One of them drove the vehicle to a neighbor's house and backed into the driveway. After the other two men went through her backyard and broke into the back porch of her neighbor's house, she called the police. When she went to the front of her home "to see what they were doing," she saw them loading her neighbor's flat screen television into the back seat of the SUV. After it was loaded, "they took off" and turned left out of the cul-de-sac. In a written statement provided to police, Garcia listed a portion of the tag number as 772.

Garcia described the men at trial as follows:

> The first one was about 5 foot, a short African-American. He had a white shirt on with black sweatpants and black Jordans. There were two other ones, a lighter African-American with dreadlocks, he had a white T-shirt on with black writing, black pants, and black shoes. And the third one was a darker African-American with dreads, a white shirt, blue jeans, and white shoes on.

She explained that "the darker African-American with the dreadlocks" was the driver of the SUV.

The police officer who responded to the burglary in progress dispatch testified that he was asked to look for a purple SUV with a partial tag number. Two to four minutes after receiving the dispatch and less than one mile away from the location of the burglaries, he stopped a purple Toyota 4Runner with a tag that was similar to the partial tag number he had been provided. The SUV was driven by Christopher Byrd, the front seat was occupied by Prentice Kimble, and Cross was in the back seat sitting beside a large television.

During an inventory search of the SUV, police located a plasma tv that belonged to one of the burglary victims who lived in the subdivision, as well as a jewelry box, jewelry, and a console and controllers for a PlayStation 2 belonging to other burglary victims who lived on the same street.

The State recalled Garcia after the police officer authenticated a videotape recording of his encounter with the occupants of the

purple SUV. When the State asked if Garcia recognized "this guy over to the right of the screen" during the playing of the videotape, Cross's counsel objected to "this one-person show-up." The trial court overruled the objection, and Garcia identified the person in the video as one of the men "who went in the back of the neighbor's house and broke in and helped take the plasma tv out of the house and back in the car." She also testified that this person was wearing the same t-shirt with black lettering that she saw during the burglary. Only after re-cross, in which defense counsel established that Garcia first had a good look at Cross when she came into the courtroom, did the State ask Garcia during re-direct to identify Cross as the man she saw during the burglary.

1. We find no merit in Cross's assertion that discrepancies between Garcia's description of the burglars' stature and their actual heights render the State's evidence insufficient to support his convictions.

> The resolution of any inconsistencies in the evidence was for the jury as it resolves conflicts in the evidence, not this [c]ourt. The jury obviously resolved the inconsistencies and the resulting credibility issues, in favor of finding [defendant] guilty. We are not authorized to revisit such issues on appeal.

(Citation, punctuation and footnotes omitted.) *Cosby v. State*, 289 Ga. App. 36, 37-38 (656 SE2d 186) (2007). See also *Holmes v. State*, 269 Ga. 124, 125 (1) (498 SE2d 732) (1998).

2. Cross contends the trial court erred by overruling his "objection to a prejudicial in-court identification." Specifically, he asserts the trial court erred by allowing Garcia to identify him at trial after having had an opportunity to see him sitting at the defense table during her earlier testimony. Even if we assume that this contention was not waived as asserted by the State,[1] "the test for determining whether a due process violation occurred in cases such as this is whether the identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." (Citation and punctuation omitted.) *Isaacs v. State*, 213 Ga. App. 379, 380 (2) (444 SE2d 409) (1994).

Based on our evaluation of the considerations outlined by the United States Supreme Court in *Neil v. Biggers*, 409 U. S. 188, 199-200 (II) (93 SC 375, 34 LE2d 401) (1972), we conclude that the procedure used in this case was not so impermissibly suggestive as to

---

[1] The court reporter recorded defense counsel's objection immediately after the witness identified Cross in court for the first time.

cause a very substantial likelihood of irreparable misidentification. The eyewitness focused on the three men before and after the burglary from the comfort of her own home and yard without stressful or distracting circumstances; she testified that she had a good look at them and their clothing; her description of the SUV used by the burglars matched the SUV stopped by the police less than a mile from the location of the burglaries; her description of the items stolen matched items found in the SUV; these items were later identified by the burglary victims as the ones that had been taken; and her description of the three men and their clothing generally matched the three men found in the SUV, other than a discrepancy between her estimate of their heights and their actual heights. We therefore affirm the trial court's evidentiary ruling with regard to the eyewitness's in-court identification.

*Judgment affirmed. Mikell and Dillard, JJ., concur.*

DECIDED JUNE 2, 2011.

*Mary Erickson*, for appellant.

*David McDade, District Attorney, James A. Dooley, Assistant District Attorney*, for appellee.