## S12A1637. DURHAM v. THE STATE.
(734 SE2d 377)

HUNSTEIN, Chief Justice.

A jury convicted Albert Durham of malice murder and other crimes in connection with the shooting death of George McCrary.[1] On appeal, Durham contends that the State elicited improper hearsay testimony, the trial court failed to give a complete charge on circumstantial evidence, and trial counsel was ineffective. Because the trial court did not commit reversible error in its evidentiary rulings and jury instructions and trial counsel's representation was not ineffective, we affirm.

1. The evidence presented at trial shows that the victim, George McCrary, was wearing a gold necklace when he left his house in Columbus on Saturday morning, February 16, 2008. He drove to an apartment on Enoch Drive where Durham's sister and girlfriend lived. McCrary and Durham were talking in the parking lot when an across-the-street neighbor, Janice Ware, saw Durham shoot McCrary, take his necklace, pull something out of his pocket, and begin running on a path between the apartment buildings. Durham's cousin was at a car wash one street over from Enoch when she heard a gunshot, went to investigate, and saw Durham running down the road. Two hours later, Ware and her boyfriend watched as Durham got in a green taxicab with his girlfriend and their baby. While in the taxicab, Durham's girlfriend heard the dispatcher ask the driver who was in the cab. After checking into a motel, Durham grabbed his bag and

---

[1] The shooting occurred on February 16, 2008. The Muscogee County grand jury indicted Durham on March 17, 2009 for malice murder, felony murder, aggravated assault, armed robbery, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. On July 7, 2009, a jury found him guilty of five counts, and the trial court sentenced him as a recidivist to life imprisonment for malice murder, a consecutive life sentence for armed robbery, and a consecutive five years for possession of a firearm by a convicted felon. The trial court granted a directed verdict on the other firearm possession charge, and the felony murder and aggravated assault convictions merged or were vacated by operation of law. Following the grant of a motion for an out-of-time appeal, Durham filed a motion for new trial on June 24, 2010 and amended motions for new trial on October 11, 2011 and February 21, 2012. Following two hearings, the trial court denied the motion on April 6, 2012, and Durham filed a notice of appeal on April 9, 2012. The case was docketed for the Court's September 2012 term and submitted for decision on the briefs.

said he was going to the store to buy cigarettes. He never returned. The medical examiner testified that the victim died from a single gunshot wound, and police found a single nine-millimeter cartridge case next to the victim's vehicle. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Durham guilty beyond a reasonable doubt of the crimes charged. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Durham contends that his right to cross-examine witnesses under the Sixth Amendment was violated when the State elicited improper hearsay testimony from the investigating officer that bolstered the credibility of Ware, the eyewitness to the shooting. See *Crawford v. Washington*, 541 U. S. 36 (124 SC 1354, 158 LE2d 177) (2004). Durham did not object to the testimony at trial, which generally constitutes a waiver of review on appeal. See *Brooks v. State*, 281 Ga. 514 (2) (640 SE2d 280) (2007). Nevertheless, Durham asserts that this Court should apply the plain error standard of review due to the magnitude of the constitutional error.

In appeals of criminal cases, plain error review is currently limited to alleged error in three circumstances: the sentencing phase of a trial resulting in the death penalty, a trial judge's expression of opinion in violation of OCGA § 17-8-57, and a jury charge affecting substantial rights of the parties as provided under OCGA § 17-8-58 (b). See *Williams v. State*, 291 Ga. 501 (2) (732 SE2d 47) (2012) (citing cases). The new Evidence Code will change this rule in cases tried after January 1, 2013, allowing a court to consider plain errors "affecting substantial rights although such errors were not brought to the attention of the court." OCGA § 24-1-103 (d); *Williams*, 291 Ga. at 505 (2). Because Durham's failure to object to the officer's hearsay testimony at trial means the issue is waived on appeal and plain error review does not currently apply to allegations regarding the improper admission of evidence, the trial court did not commit reversible error in allowing the testimony. See id.; *Brooks*, 281 Ga. at 516 (2).

3. Durham next contends that the trial court erred in failing to give a complete charge to the jury on circumstantial evidence. The trial court instructed the jury generally on circumstantial evidence, but did not give the specific instruction requested by Durham that "[t]o warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt but shall exclude every other reasonable hypothesis save that of the guilt of the accused." See OCGA § 24-4-6; Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, § 1.30.20 (4th ed. 2007). Since Durham failed to object to the jury charge given at trial, we review this contention for plain error. See *State v. Kelly*, 290 Ga. 29 (1) (718 SE2d 232) (2011);

OCGA § 17-8-58 (b). Under this standard, we must determine whether there is an error that has not been affirmatively waived, is clear and obvious, affects the defendant's substantial rights, and "seriously affects the fairness, integrity or public reputation" of the judicial proceedings. See *Kelly*, 290 Ga. at 33 (1) (citation and punctuation omitted).

A trial court must charge on the law of circumstantial evidence under OCGA § 24-4-6 when the defendant makes a written request and the case relies in part on circumstantial evidence. *Davis v. State*, 285 Ga. 176 (2) (674 SE2d 879) (2009); *Mims v. State*, 264 Ga. 271 (443 SE2d 845) (1994). Therefore, we conclude that the trial court erred in failing to give the jury charge on circumstantial evidence that Durham requested. Given this failure, the issue here is whether this error likely affected the outcome of the proceedings. See *Kelly*, 290 Ga. at 33 (1). We have previously held that the failure to give the reasonable hypothesis charge is harmless error when there is overwhelming direct evidence of guilt. See *Marshall v. State*, 285 Ga. 351 (5) (676 SE2d 201) (2009).

In this case, an eyewitness who knew Durham by his nickname testified that she saw him shoot a man and steal his necklace. She was standing on her front porch 30 feet away from the shooting with an unobstructed view of the parking lot and said that she "could see pretty good." Based on this direct evidence, we conclude that any error in the jury charge on circumstantial evidence did not affect the outcome of the proceedings and thus there is no plain error.

4. In his final enumeration of error, Durham asserts that he was denied effective assistance of counsel because trial counsel failed to object to the officer's hearsay testimony, object to the improper jury charge, adequately investigate and prepare for trial, preserve Durham's right to appeal, and disclose a six-month suspension in 1996 from the practice of law.

To establish a claim of ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984). There is a strong presumption that counsel's conduct falls within the range of sound trial strategy and reasonable professional judgment. Id. at 689. In determining prejudice, the question is whether there is a reasonable probability that the result of the trial would have been different, absent the specified errors. Id. at 694.

(a) Trial counsel did not render ineffective assistance of counsel by failing to object to the officer's testimony regarding statements made by a witness who did not testify at trial. The officer testified that Ervin Carter, a witness who was inside a house on Enoch Drive at the

time of the shooting, said he heard a loud pop, viewed a man lying on the ground, and saw a black male with a low haircut and wearing all dark clothing and white tennis shoes running from the scene; Carter did not identify the man who was running. When questioned at the new trial hearing, trial counsel explained that he generally does not like to draw attention to testimony by arguing objections in front of the jury and will choose not to object if the hearsay testimony is not harmful to his client. We conclude that his decision not to object to the officer's hearsay testimony was a legitimate trial strategy that falls within the range of reasonable professional conduct. See *Smith v. State*, 275 Ga. 326 (3) (565 SE2d 453) (2002).

(b) Trial counsel did not perform deficiently in failing to disclose to his client a previous six-month suspension from the practice of law. "Under the *Strickland* standard, breach of an ethical standard does not necessarily make out a denial of the Sixth Amendment guarantee of assistance of counsel." *Nix v. Whiteside*, 475 U. S. 157, 165 (106 SC 988, 89 LE2d 123) (1986). Trial counsel's suspension occurred in 1996, more than 13 years prior to the trial in this case, and involved problems in the handling of trust accounts that are unrelated to his representation of a criminal defendant. See *In the Matter of Cannington*, 266 Ga. 605 (469 SE2d 165) (1996). Moreover, at the time of the trial in 2009, trial counsel was in good standing with the State Bar of Georgia.

(c) Concerning trial counsel's failure to conduct a pre-trial interview of the eyewitness, counsel testified at the new trial hearing that he went twice to her house to try to speak to her, but did not get the chance. It is unclear from his testimony whether she refused to speak to him or was not at home. Cf. *Rafi v. State*, 289 Ga. 716 (3) (715 SE2d 113) (2011) (concluding no deficient performance when the main eyewitness refused to speak to defense counsel). Trial counsel obtained the eyewitness's police statement through pre-trial discovery and visited the crime scene, which was across the street from her house. Durham has not demonstrated prejudice by showing that the witness would have agreed to speak to trial counsel before trial if they had the opportunity.

(d) In addition, Durham has not shown that he was prejudiced by trial counsel's failure to object to the trial court's instruction on circumstantial evidence. There was strong direct evidence of Durham's guilt from the eyewitness who knew Durham by his street name and witnessed the shooting from a short distance as well as substantial circumstantial evidence from the other witnesses and his later flight.

(e) Because Durham obtained appellate review of his case through the trial court's grant of an out-of-time appeal, he has failed to show

that he was prejudiced by his counsel's failure to timely file a notice of appeal or motion for new trial. Considering the combined effect of counsel's actual and assumed deficiencies, we conclude that they did not in reasonable probability change the outcome of Durham's trial.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 19, 2012 —
RECONSIDERATION DENIED DECEMBER 12, 2012.

*Bentley C. Adams III, Robert L. Wadkins*, for appellant.

*Julia Fessenden Slater, District Attorney, Douglas L. Breault, Michael E. Craig, Assistant District Attorneys, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Katherine R. Thrower, Assistant Attorney General*, for appellee.