**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**February 19, 2013**

# In the Court of Appeals of Georgia

A12A1959. REID v. THE STATE.

BRANCH, Judge.

On appeal from his conviction for child molestation and sexual battery, Daniel Reid argues that the evidence was insufficient and that the trial court erred when it responded to a jury question without informing counsel. We find no reversible error and affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." (Citation omitted.) *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the prosecution, a "rational trier of fact could have found the essential elements of the

crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the record shows that at various times in 2004-2005, when the victim was ten or eleven years old and living with her family at two different houses in Floyd County, Reid sometimes spent the night with the victim and her family. The victim testified that on the first night that she shared an air mattress with Reid in the living room of one house, he pulled her pants down, reached into her underwear, fondled her genitals, and touched them with his penis. At the other house, Reid sometimes entered the room the victim shared with her sister, climbed into the victim's bed, and fondled and touched her in the same way. The victim testified that Reid molested her "about five" times. Weeks after the last of these incidents, the victim told her mother and her school counselor about them. The victim recalled the incidents again during an interview with the Department of Child and Family Services.

Reid was charged with four counts of sexual molestation and two counts of sexual battery. The State's witnesses at trial included the victim's mother and her school counselor, both of whom testified as to the victim's outcry. During the course of its deliberations, the jury sent out a written question wanting to know Reid's

response to the officer who took him into custody. The trial court responded in writing: "You must recall the evidence as a group. We cannot answer fact questions nor reopen evidence." The record does not show that the trial court informed either Reid or the State of either the jury's communication or the court's written response. The jury then found Reid guilty of two of the child molestation counts and both sexual battery counts. He was convicted and sentenced to 20 years with five to serve. After Reid's motion for out-of-time appeal was granted, his motion for new trial was denied.

1. Reid argues that the evidence was insufficient because the victim's testimony was not corroborated. But the testimony of a single witness is generally sufficient to prove a fact, including child molestation. See former OCGA § 24-4-8 (2012); *Cantrell v. State*, 231 Ga. App. 629, 630 (500 SE2d 386) (1998) (Georgia law does not require corroboration of a child molestation victim's testimony), citing *Scales v. State*, 171 Ga. App. 924-925 (2) (321 SE2d 764) (1984). In any event, moreover, the victim's mother and the school counselor corroborated her account of Reid's attack. Thus the evidence outlined above, including the victim's testimony, was indeed sufficient to sustain the jury's verdict. OCGA §§ 16-6-4 (a) (1) (defining child molestation as committing "any immoral or indecent act to . . . or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the

3

person"), 16-6-22.1 (b) (defining sexual battery as "mak[ing] physical contact with the intimate parts of the body of another person without the consent of that person"); *Jackson*, supra.

2. Reid argues that the trial court erred when it failed to notify him of the jury's request to rehear testimony concerning Reid's response to the arresting officer and thus deprived him of the opportunity to provide input on the court's response to that request.

The Supreme Court of Georgia has held that a trial court commits error when it communicates with a jury in the absence of the defendant or his counsel because "a defendant on trial must be present when the court takes any action materially affecting his case." (Citations omitted.) *Burtts v. State*, 269 Ga. 402, 403 (3) (499 SE2d 326) (1998). As the Court held:

> There should be no communication which would tend in any manner to prejudice the accused (for instance, to hasten a verdict against him, or to induce jurors who might be for him to yield their convictions); and unless the character of the communication clearly shows that it could not have been prejudicial to the accused, the presumption of law would be that it was prejudicial, and the accused would be entitled to another trial.

4

(Citation omitted.) See also *Lowery v. State*, 282 Ga. 68, 75 (4) (b) (646 SE2d 67) (2007) (trial court's failure to inform counsel of the contents of a jury's note and to seek input on the court's response violated defendant's right to counsel).

As our Supreme Court held in *Burtts*, "it is clear that the trial court erred in communication with the jury outside the presence of counsel." 269 Ga. at 403 (3). It is also true, however, that "it is within the discretion of the trial court to decide whether to allow a jury to rehear evidence," id., and there is nothing in this record to suggest that the trial court abused its discretion in denying this jury's request to rehear testimony. It follows that even if the trial court erred when it communicated with the jury outside the presence of Reid and his counsel, the error was harmless because Reid has not shown that the trial court's response hastened the verdict or caused a juror to yield his or her convictions. *Burtts*, supra at 404 (3); *Brown v. State*, 237 Ga. App. 231, 234-235 (3) (517 SE2d 529) (1999) (following *Burtts*); see also *Lowery*, supra at 75-76 (4) (b) (given that trial court's decision to give *Allen* charge was within its discretion, defendant had not shown harm arising from the trial court's failure to notify him of the jury's communication about its deadlocked status).

*Judgment affirmed. Miller, P. J., and Ray, J., concur.*

5