# FOURTH DIVISION
## DOYLE, P. J.,
## MCFADDEN and BOGGS, JJ.

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**May 22, 2013**

# In the Court of Appeals of Georgia

A13A0622. CARTER v. THE STATE.                    DO-023 C

DOYLE, Presiding Judge.

Following a jury trial, Vincent Scott Carter appeals from his conviction of two counts each of aggravated child molestation[1] and child molestation.[2] He contends that the trial court erred by (1) allowing testimony as to the ultimate issue, (2) allowing improper bolstering testimony, and (3) convicting him on insufficient evidence. For the reasons that follow, we affirm.

Construed in favor of the verdict,[3] the record shows that one day in school, five-year-old L. C.'s class was given a presentation by the school counselor about

---

[1] OCGA § 16-6-4 (c).

[2] OCGA § 16-6-4 (a) (1).

[3] See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

"good and bad touching." After the presentation, L. C. raised her hand and disclosed that her father, Carter, had touched her inappropriately. The counselor took L. C. into her office to speak further, and L. C. explained that Carter played touching games that made her feel uncomfortable.

The school reported the disclosure to the Department of Family and Children Services ("DFCS"), and a trained DFCS investigator interviewed L. C. about the touching. L.C. stated that Carter "slammed his private into her private," and she drew pictures showing where Carter touched her and explaining that he put his finger "on her private."

This interview was recorded, but due to a problem with the recording, a second interview was conducted. L. C.'s demeanor had changed, and she initially recanted her disclosure, stating that her mother had spoken to her about telling the truth, but she ultimately repeated the same allegations made in the earlier interview.

L. C. was also examined by a sexual assault nurse examiner, who observed "questionable" healed tears in L. C.'s anus. The nurse testified at trial that they were consistent with penetration by an object bigger than a finger.

Based on the investigation, Carter was arrested and charged with five counts arising from sexual abuse of L. C. Following a trial, a jury returned a guilty verdict

on four of the five counts, and the trial court denied Carter's motion for new trial, giving rise to this appeal.

1. Carter contends that the trial court erred by allowing testimony by two lay witnesses as to the ultimate issue in the case. He points to testimony from L. C.'s mother that she "couldn't deny that something was going on with" L. C. and that "there was no question that something had happened"; he also challenges testimony from the DFCS investigator that L. C. was "shutting down" in the second interview but ultimately "started to seem to come around, [and] told us the exact same account . . . an accurate account of what had happened before."

Pretermitting whether this was error, Carter did not object to this testimony at trial.

> In order to raise on appeal an impropriety regarding the admissibility of evidence, the specific ground of objection must be made at the time the evidence is offered, and the failure to do so amounts to a waiver of that specific ground. . . Inasmuch as appellant did not object at trial that the testimony was inadmissible because it was the opinion of a witness on the ultimate issue to be decided by the jury, appellant waived the ability to raise the issue on appeal.[4]

---

[4] (Citations and punctuation omitted.) *Sanchez v. State*, 285 Ga. 749, 751-752 (3) (684 SE2d 251) (2009).

Despite his waiver, Carter contends that the admission of this testimony constituted plain error. But that doctrine "is currently limited to alleged error in three circumstances: the sentencing phase of a trial resulting in the death penalty, a trial judge's expression of opinion in violation of OCGA § 17-8-57, and a jury charge affecting substantial rights of the parties as provided under OCGA § 17-8-58 (b)."[5] Because Carter failed to object at trial, "and plain error review does not currently apply to allegations regarding the improper admission of evidence, the trial court did not commit reversible error in allowing the testimony."[6]

2. Carter also contends that the trial court erred by allowing improper bolstering of witnesses' credibility. Carter points to references to L. C.'s intelligence and a statement by one witness that the nurse who examined L. C. is "very competent at conducting sexual exams." "This bolstering argument, however, is not properly before the Court because appellant never made an objection [at trial] to the testimony

---

[5] *Durham v. State*, 292 Ga. 239, 240 (2) (734 SE2d 377) (2012).

[6] Id. We note that "[t]he new Evidence Code will change this rule in cases tried after January 1, 2013, allowing a court to consider plain errors 'affecting substantial rights although such errors were not brought to the attention of the court.'" OCGA § 24-1-103 (d) (2012). Carter was tried in 2002.

on the basis of improper bolstering."[7] Nor is this alleged error subject to plain error review.[8] Therefore, this enumeration presents no basis for reversal.

3. Finally, Carter challenges the sufficiency of the evidence with respect to Counts 1, 2, and 3, all of which involve improper touching or penetration of L. C.'s anus. Carter argues that the evidence did not show that he placed his penis or fingers in or around L. C.'s anus.

When an appellate court reviews the sufficiency of the evidence,

the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution.[9]

---

[7] *Jackson v. State*, __ Ga. __, __ (5) (Case No. S12A2083; decided Mar. 25, 2013).

[8] See id., citing *Durham v. State*, 292 Ga. at 240 (2).

[9] (Emphasis in original; citation omitted.) *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

5

At trial, the evidence included disclosure by L. C. that Carter touched her "bathing suit places." L. C. also drew a picture showing her own markings on her buttocks along with her written words "no, no, no." The physical examination revealed healed scars on L. C.'s anus, which the examining expert opined was consistent with penetration by a penis. Viewing this evidence under the appellate standard of review, a rational trier of fact could find that Carter was guilty of each count involving penetration or touching of L. C.'s anus. Accordingly, this enumeration is without merit.

*Judgment affirmed. McFadden and Boggs, JJ., concur.*