**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**May 29, 2013**

# In the Court of Appeals of Georgia

A13A0292. HEARD v. THE STATE.

BOGGS, Judge.

A jury found Donald Heard guilty of child molestation, aggravated child molestation, and incest on the person of his natural daughter. His amended motion for new trial was denied, and he appeals, asserting insufficiency of the evidence and improper bolstering and testimony as to the ultimate issue. Finding no error in any respect, we affirm.

1. Construed in favor of the verdict, the evidence shows that the victim testified that her father had vaginal intercourse with her on a regular basis, three or four times a week, as well as anal intercourse and oral sex less frequently. This began in November 2007, when she was 11 years old, and it continued until after she made outcry to her mother in March 2009. The victim testified that the abuse began after

she called the police because her parents were fighting and her mother was arrested, and her father told her she had to have sex with him to "make it up, for making my mom go to jail." The victim also described the sexual abuse during a video-recorded forensic interview by a police investigator; that recording was played for the jury. This investigator also attempted to confirm independently the details of the victim's testimony, and she was able to verify information such as the date of the mother's arrest and descriptions of locations where the victim stated that sexual abuse took place. The victim's younger sister also testified that the father would take the victim into their parents' bedroom after her mother left for work and they would stay "for a long time."

The victim's testimony alone is sufficient to sustain a conviction for child molestation, *Reid v. State*, 319 Ga. App. 782, 783-784 (1) (738 SE2d 624) (2013), and incest. *Stott v. State*, 304 Ga. App. 560, 561 (1) (697 SE2d 257) (2010). While Heard points to inconsistencies between the victim's testimony, her forensic interview, and testimony she gave in Heard's probation revocation hearing in 2009, we do not judge witness credibility or weigh testimony; that is the province of the jury. Id. The jury was authorized to find Heard guilty beyond a reasonable doubt under the standard set out in *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979) .

2. Heard next complains that testimony by the victim's mother and a police investigator improperly bolstered the victim's testimony and went to the ultimate issue in the case. The State was questioning the mother regarding her initial failure to report her daughter's outcry to the police, and the mother testified, "I just, in the back of my mind, I didn't want to believe it. I couldn't believe it because of the relationship they had." Asked why she ultimately did call the police, the mother testified to her observations and then added, "also this how I knew that she was telling the truth because she said that they were – " At this point, Heard objected on the basis of speculation and ultimate issue, but raised no objection on the basis of bolstering. The objection was overruled, but the witness did not return to that line of testimony.

During the police investigator's testimony, she was asked a question regarding her interview techniques and why she represented to Heard that the victim had undergone a medical examination, although no such examination had taken place. The investigator responded that she used this technique "whenever we work these types of cases and it is such a close family member that is the one that is perpetrating the abuse," in order to encourage admissions, and "oftentimes when we interview child molesters, we allow them an out so that they can be honest about what they've

3

done without having to feel so bad about what they've done." Heard did not object to this testimony on any ground, but now contends that the investigator's general references to "child molesters" during a description of her interview technique constituted bolstering and went to the ultimate issue in the case.

Citing *Putnam v. State*, 231 Ga. App. 190 (498 SE2d 340) (1998) (physical precedent only), Heard argues that these alleged errors may be considered under a "plain error" analysis.[1] This is incorrect.

> In appeals of criminal cases, plain error review is currently limited to alleged error in three circumstances: the sentencing phase of a trial resulting in the death penalty, a trial judge's expression of opinion . . ., and a jury charge affecting substantial rights of the parties. . . . The new Evidence Code will change this rule in cases tried after January 1, 2013, allowing a court to consider plain errors affecting substantial rights although such errors were not brought to the attention of the court.

---

[1] In *Putnam*, a social worker testified repeatedly to "her unsupported opinion and the opinion of DFACS that the alleged victim was in fact abused and that Putnam was the perpetrator." Id. at 192. In addition, she read to the jury her own letters on official DFACS stationery that the abuse "'was confirmed'" and "'did happen'," that Putnam was the "'perpetrator'," and that he had been placed on an official sex offender list. Id. at 193. Finally, those letters went out with the jury. Id. at 190. But the conclusion that this constituted plain error despite failure to object was not concurred in by all judges, and the opinion therefore has no precedential value. Court of Appeals Rule 33 (a). Moreover, as discussed below, our Supreme Court has expressly held that plain error review did not apply to the improper admission of evidence before the revision of the Evidence Code as of January 1, 2013.

(Citations and punctuation omitted.) *Dunham v. State*, 292 Ga. 239, 240 (2) (734 SE2d 377) (2012). Heard was tried in 2011; therefore, "plain error review does not currently apply to allegations regarding the improper admission of evidence," id., and Heard having failed to object to the detective's testimony at all or to the mother's testimony on the basis of bolstering, those claims of error are not properly before this court. *Jackson v. State*, ___ Ga._ __, slip op. at 12 (Case No. S12A2083, decided March 25, 2013) (bolstering claim not properly before the court due to failure to object and not subject to plain error review).

With respect to Heard's remaining claim that the mother's testimony went to the ultimate issue in the case, we note that the victim's mother is not an expert witness, but "a presumptively-biased parent. Her testimony merely showed that she believed her child, and it did not impermissibly intrude upon the jury's fact-finding function." *Thomas v. State*, 318 Ga. App. 849, 854 (4) (a) (734 SE2d 823) (2012).

*Judgment affirmed. Doyle, P. J. and McFadden, J., concur.*