**FIRST DIVISION**
**DOYLE, C. J.,**
**PHIPPS, P. J, and PETERSON, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**January 25, 2016**

# In the Court of Appeals of Georgia

A15A2358. MUTTALIB v. THE STATE.                                    DO-089 C

DOYLE, Chief Judge.

After a bench trial, Ismail Jamil Muttalib was found guilty of possession of methamphetamine,[1] possession of tools for the commission of a crime,[2] possession of less than one ounce of marijuana,[3] two counts of giving false information to a law enforcement officer,[4] and speeding.[5] Following the denial of his motion for new trial, Muttalib argues on appeal, and the State agrees, that the evidence was insufficient to

---

[1] OCGA § 16-13-30 (a).

[2] OCGA § 16-7-20 (a).

[3] OCGA § 16-13-30 (j) (1).

[4] OCGA § 16-10-25.

[5] OCGA § 40-6-181 (b).

support his conviction for possession of tools for the commission of a crime because it is inconsistent with the trial court's acquittal on the charge of possession of methamphetamine with intent to distribute.[6] For the reasons that follow, we reverse.

Viewed in the light most favorable to the verdict,[7] the evidence shows that on March 1, 2014, Officer Cal Scarborough was patrolling Interstate 75 when he witnessed a vehicle traveling 87 miles per hour in a 70-mile-per-hour zone. Officer Scarborough effected a stop of the vehicle, and when he approached the driver's side window, he noticed the smell of raw marijuana.

The driver initially gave his name as Santreece Bernard Howard and a date of birth, which information the officer ran in the database, but the information returned a photograph that did not match the driver, who claimed not to have a license. Moreover, Officer Scarborough had attended high school with the driver, whom he knew as Ismail Muttalib. Officer Scarborough asked Muttalib to exit the vehicle, and he questioned him about giving the false name. Muttalib explained that he had a

---

[6] Muttalib does not challenge the remaining five counts of conviction, and therefore, the appeal does not address those convictions.

[7] See *Harris v. State*, 328 Ga. App. 852, 852-853 (763 SE2d 133) (2014).

2

warrant for his arrest in Atlanta; when questioned about the raw marijuana smell, Muttalib stated that he had smoked a joint earlier in the evening.

Officer Scarborough then spoke with the front-seat passenger, who was the owner of the vehicle, and she stated she was unaware of any marijuana in the vehicle. Because Officer Scarborough smelled marijuana, he conducted a search of the vehicle; he discovered inside an eyewear case in a purse in the front seat passenger floorboard less than an ounce of marijuana and 7.22 grams of suspected methamphetamine, which was packaged in two separate baggies. Officer Scarborough also discovered in the trunk a digital scale. He arrested Muttalib and the other two passengers.

Muttalib testified at trial that he did not intend to distribute the methamphetamine to anyone, and the reason he had it in two separate bags was to have some in powder form for easy access as compared to the main solid amount.

Based on the fact that the scales were found in the trunk of the car, and because the State failed to present any evidence as to the normal amount of methamphetamine an addict consumes in a day as compared to the amount discovered in the vehicle, the trial court, sitting as the factfinder, determined that the State had not proved beyond a reasonable doubt that Muttalib possessed the methamphetamine with intent to

3

distribute, finding him guilty instead of the lesser-included charge of possession of methamphetamine. The trial court found him guilty of all other charges.

Muttalib argues, and the State agrees, that there was insufficient evidence to support a guilty verdict for possession of tools for the commission of a crime because the trial court sitting as factfinder determined that there was no evidence of intent to distribute methamphetamine. Accordingly, as argued by both Muttalib and the State, no rational trier of fact could have convicted Muttalib of possession of tools for the commission of a crime as indicted — Muttalib "unlawfully ha[d] in his possession a set of digital scales, a device commonly used in the commission of Possession of Methamphetamine with Intent to Distribute, *with the intent to make use of said tools in the commission of said crime . . . .*"[8]

> As a general rule, a guilty verdict cannot be challenged on the ground that the jury's verdict of guilt on one count of an indictment is inconsistent with an acquittal on another count. Such verdicts are deemed constitutionally tolerable because they may reflect an exercise of lenity by the jury that is not necessarily grounded in its view of the evidence.[9]

---

[8] (Emphasis supplied.)

[9] (Citations omitted.) *State v. Springer*, 297 Ga. 376, 377 (1) (774 SE2d 160) (2015).

We have discovered no case law establishing that bench trials are excepted from the general rule allowing inconsistent verdicts. Nevertheless, as indicted here and based on the trial court's explicit statements in the record, the guilty verdict for possession of tools with the intent to distribute methamphetamine cannot stand. "An exception to the inconsistent verdict rule exists when the appellate record makes transparent the jury's reasoning why it found the defendant not guilty of one of the charges."[10] The trial court specifically found that the State failed to prove beyond a reasonable doubt that Muttalib possessed the methamphetamine with intent to distribute, thereby making it clear that the State also failed to establish beyond a reasonable doubt that Muttalib possessed the digital scale with the intent to commit the crime of possession of methamphetamine with intent to distribute and requiring reversal of the conviction for possession of tools for the commission of a crime.[11]

*Judgment reversed. Phipps, P. J., and Peterson, J., concur.*

---

[10] (Punctuation omitted.) *Smith v. State*, 304 Ga. App. 708, 711 (3) (699 SE2d 742) (2010), overruled on other grounds by *Reed v. State*, 291 Ga. 10, 14 (3) (727 SE2d 112) (2012).

[11] Compare with *Smith*, 304 Ga. App. at 711 (3); *Artis v. State*, 299 Ga. App. 287, 292-293 (5) (682 SE2d 375) (2009).