**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**June 16, 2020**

# In the Court of Appeals of Georgia

A20A0097. GATHERS v. THE STATE.

DILLARD, Presiding Judge.

Following trial, a jury convicted Antonio Gathers on one count of child molestation. On appeal, Gathers challenges the sufficiency of the evidence supporting his conviction, arguing that the trial court erred in admitting hearsay testimony, improperly commenting on the evidence in its instructions to the jury, and sentencing him as a recidivist without submitting evidence of his prior convictions to the jury. For the reasons set forth *infra*, we affirm.

Viewed in the light most favorable to the jury's verdict,[1] the evidence shows that in 2015, Gathers lived in an apartment in Augusta with his girlfriend, his girlfriend's own two children (then twelve-year-old C. D. and ten-year-old F. D.), and

---

[1] *See, e.g.*, *Powell v. State*, 310 Ga. App. 144, 144 (712 SE2d 139) (2011).

his and his girlfriend's daughter (five-year-old A. G.). On March 10, 2015, Gathers, his girlfriend, and the children went to a cookout at a relative's home, where Gathers apparently drank several alcoholic beverages. Then, after the cookout, they returned to their apartment, at which point Gathers fell asleep in a chair while his girlfriend and the children went to sleep in their bedrooms.

Later that night, F. D. woke up to find Gathers sitting on the edge of her bed and rubbing her buttocks with his hand. Moments later, F. D.'s mother—Gathers's girlfriend—walked into the bedroom, saw Gathers with his hand in F. D.'s pants, and demanded to know what he was doing. Gathers denied any wrongdoing. But unconvinced at his plea of innocence, F. D.'s mother moved her daughter to another room and away from Gathers. Nevertheless, F. D.'s mother did not immediately call the police because she was still processing what had happened and was upset that someone she loved could treat her daughter that way.

The next morning, F. D.'s mother asked her daughter what happened the previous night, and F. D. confirmed that Gathers touched her in an inappropriate manner. Then, after sending her children off to school, F. D.'s mother called the police, who advised her to take F. D. to the hospital for a physical examination. Once there, a pediatrician and a pediatric nurse conducted a rape-kit examination, during

2

which F. D. recounted that Gathers inappropriately touched her buttocks the previous night.

Thereafter, the State charged Gathers, via indictment, with one count of aggravated child molestation and two counts of child molestation. And prior to trial, the State filed notice of its intent to seek recidivist sentencing based on Gathers's two prior felony convictions. The case then proceeded to trial, during which the State presented the foregoing evidence. The State also called a Richmond County Sheriff's investigator, who testified regarding her forensic interview of F. D., in which the child recounted that Gathers inappropriately touched her. Similarly, an employee of a local child-advocacy group also testified as to her forensic interview of F. D., in which the child reiterated her outcry. The State played videos of both interviews for the jury. In addition, a GBI forensic biologist testified that DNA samples taken from F. D.'s rape kit were a close match to the samples taken from Gathers.

At the conclusion of the trial, the jury acquitted Gathers on the aggravated-child-molestation charge and one of the child-molestation charges, but convicted him on the remaining child-molestation charge. The State then presented evidence of Gathers's two prior convictions, and the trial court imposed a sentence of 20 years with all of it to be served in confinement. Subsequently, Gathers filed a motion for

3

new trial, and the trial court conducted a hearing on the matter. After the hearing, the trial court resentenced Gathers to 20 years with 19 years to serve in confinement and the remaining year on probation,[2] but it otherwise denied his motion for new trial. This appeal follows.

1. In his first enumeration of error, Gathers contends that the evidence was insufficient to support his conviction on the charge of child molestation, arguing that F. D. and her mother's testimony lacked credibility. We disagree.

When a criminal conviction is appealed, the evidence must be viewed in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence.[3] And, of course, in evaluating the sufficiency of the evidence, we do not "weigh the evidence or determine witness credibility, but only determine whether a rational trier of fact could have found the defendant guilty of the charged offenses

---

[2] *See State v. Riggs*, 301 Ga. 63, 63 (799 SE2d 770) (2017) (noting that under OCGA § 17-10-6.2 (b) "a defendant convicted of a sexual offense must receive a split sentence: that is, a sentence that includes a mandatory minimum term of imprisonment followed by an additional probated sentence of at least one year").

[3] *See English v. State*, 301 Ga. App. 842, 842 (689 SE2d 130) (2010) (noting that following conviction, an appellant no longer enjoys a presumption of innocence).

beyond a reasonable doubt."[4] Thus, the jury's verdict will be upheld so long as "there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case."[5] With these guiding principles in mind, we turn to Gathers's claim regarding the sufficiency of the evidence supporting his child-molestation conviction.

Under OCGA § 16-6-4 (a) (1), a person commits the offense of child molestation when he or she "[d]oes any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person. . . ." And the third count in the indictment, on which the jury convicted Gathers, charged him with child molestation by alleging that he "did perform an immoral and indecent act with [F. D.], a child under the age of sixteen (16) years, by touching the buttocks of [F. D.], with intent to arouse and satisfy the sexual desires of said accused . . . ."

---

[4] *Jones v. State*, 318 Ga. App. 26, 29 (1) (733 SE2d 72) (2012) (punctuation omitted); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

[5] *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001) (punctuation omitted); *accord Westbrooks v. State*, 309 Ga. App. 398, 399-400 (1) (710 SE2d 594) (2011).

In this case, F. D. testified that, on the night in question, she woke up to find Gathers sitting on her bed and rubbing her buttocks. Additionally, F. D.'s mother, the pediatric nurse, the sheriff's investigator, and the child-advocacy interviewer testified that F. D. informed them of Gathers's inappropriate conduct. Furthermore, F. D.'s mother also testified that she walked into her daughter's bedroom and saw Gathers with his hand in F. D.'s pants. Nevertheless, Gathers asserts that the evidence was insufficient to support his conviction, arguing that the jury acquitting him on two of the charges in the indictment demonstrates that F. D. and her mother lacked credibility. But as a general rule, a guilty verdict cannot be challenged on the ground that "the jury's verdict of guilt on one count of an indictment is inconsistent with an acquittal on another count."[6] Indeed, in considering Gathers's argument, "the issue before us is not whether an acquittal on one charge would logically necessitate acquittal on another charge on which the jury convicted the defendant; rather, the question is whether the evidence viewed in favor of the conviction was sufficient to

---

[6] *State v. Springer*, 297 Ga. 376, 377 (1) (774 SE2d 106) (2015); *accord Gomez v. State*, 301 Ga. 445, 461 (8) (801 SE2d 847) (2017); *Babbitt v. State*, 337 Ga. App. 553, 558 (2) (789 SE2d 205) (2016); *Muttalib v. State*, 335 Ga. App. 514, 516 (782 SE2d 300) (2016).

support the guilty verdict."[7] Indeed, it is the jury's role to "resolve conflicts in the evidence and determine the credibility of witnesses, and the presence of such conflicts does not render the evidence insufficient."[8] And here, the jury obviously resolved the inconsistencies and resulting credibility issues in favor of finding Gathers guilty on the third count of the indictment.[9] Accordingly, the evidence presented was sufficient to support Gathers's conviction on the relevant charge of child molestation.[10]

---

[7] *Taylor v. State*, 331 Ga. App. 577, 580 (2) (771 SE2d 224) (2015) (punctuation omitted); *see O'Rourke v. State*, 327 Ga. App. 628, 631 (1) (760 SE2d 636) (2014) (noting that the jury's not-guilty verdicts on some offenses have no bearing on the sufficiency of the evidence supporting the guilty verdicts on other separate offenses).

[8] *Allen v. State*, 345 Ga. App. 599, 602 (1) (814 SE2d 740) (2018) (punctuation omitted).

[9] *See Seals v. State*, 350 Ga. App. 787, 790 (1) (830 SE2d 315) (2019) (holding that defendant's "challenge to his convictions based *solely* on conflicts in the evidence, which the jury resolved against him, is meritless"); *Cross v. State*, 309 Ga. App. 746, 748 (1) (710 SE2d 928) (2011) (holding that defendant's challenge to the sufficiency of the evidence failed given it was for the jury to resolve conflicts in the evidence, and the "jury obviously resolved the inconsistencies and the resulting credibility issues, in favor of finding defendant guilty" (punctuation omitted)).

[10] *See O'Rourke*, 327 Ga. App. at 631 (1) (holding that evidence defendant touched victim's buttocks was sufficient to support conviction on charge of child molestation); *Brown v. State*, 324 Ga. App. 718, 721 (1) (751 SE2d 517) (2013) (same); *Carter v. State*, 321 Ga. App. 877, 879-80 (3) (743 SE2d 538) (2013) (same);

2. Gathers also contends that the trial court erred in admitting improper hearsay testimony. Again, we disagree.

As a general rule, admission of evidence is "a matter resting within the sound discretion of the trial court, and appellate courts will not disturb the exercise of that discretion absent evidence of its abuse."[11] And here, Gathers claims that the trial court erred in admitting the testimony of the pediatric nurse, who examined F. D. at the hospital, in which she recounted that F. D.'s mother told her that she walked into her daughter's bedroom and saw her boyfriend with his hand down the child's pants. Gathers's counsel objected, arguing that the testimony constituted inadmissible hearsay. But the State countered that the mother's comment assisted the nurse in her medical treatment of F. D., and, thus, was admissible. The trial court agreed. Nonetheless, Gathers argues that the court erred in overruling his objection.

The relevant statute, OCGA § 24-8-803 (4), provides:

The following shall not be excluded by the hearsay rule, even though the declarant is available as a witness: . . . Statements made for purposes of medical diagnosis or treatment and describing medical history, or past

_Alford v. State_, 320 Ga. App. 523, 524-25 (1) (738 SE2d 124) (2013) (same).

[11] _White Horse Partners LLLP v. Monroe Cty. Bd. of Tax Assessors_, 348 Ga. App. 603, 604-05 (824 SE2d 57) (2019) (punctuation omitted).

or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment[.]

And in a case decided two years after Gathers's trial, the Supreme Court of Georgia construed Rule 803 (4) to mean that statements made to a healthcare provider for the purpose of medical diagnosis or treatment may be admissible, as an exception to the rule against hearsay, because the self-interested motivation of the declarant in wanting effective diagnosis or treatment, either for themselves or others about whose health they care about, makes it more likely that the statements made for that purpose are true.[12]

But setting aside whether the pediatric nurse's testimony amounted to inadmissible hearsay or fell within the Rule 803 (4) exception, F. D.'s mother testified at trial exactly as the nurse recounted. Additionally, F. D.'s testimony regarding the sexual assault was nearly identical to that provided by her mother and

---

[12] *State v. Almanza*, 304 Ga. 553, 561-62 (3) (820 SE2d 1) (2018) (noting that the language of Rule 803 (4) provides that statements made to a provider for the purpose of diagnosis or treatment may be admissible because the self-interested motivation of the declarant in wanting effective diagnosis or treatment makes it more likely that the statements made for that purpose are true and adopting a two-part test, as outlined in *United States v. Renville*, 779 F2d 430 (8th Cir.1985), for determining the admissibility of such statements under Rule 803 (4)).

the two forensic interviewers. As a result, the nurse's testimony was cumulative, and even "[t]he erroneous admission of hearsay is harmless [when], as here, legally admissible evidence of the same fact is introduced."[13] Accordingly, the trial court's admission of the nurse's testimony did not constitute reversible error.

3. Gathers further contends that the trial court erred in providing a jury instruction that constituted an improper comment in violation of OCGA § 17-8-57. This contention lacks merit.

During its charge to the jury, the trial court stated as follows:

> Now, ladies and gentlemen, I charge you that the testimony of a single witness is generally sufficient to establish a fact. The evidence of the victim, alone, is sufficient to authorize a guilty verdict. To the extent that any witness's testimony was inconsistent or contradicted, it is a function of you, the jury, to resolve such conflicts in the evidence.

Gathers did not object to this jury charge or any of the trial court's other charges. Nevertheless, in his motion for new trial and now on appeal, he argues that the foregoing instruction—and particularly that a victim's testimony alone is sufficient

---

[13] *Miller v. State*, 325 Ga. App. 764, 772 (4) (c) (754 SE2d 804) (2014) (punctuation omitted); *accord Williams v. State*, 319 Ga. App. 888, 890 (1) (739 SE2d 4) (2013); *see Johnson v. State*, 328 Ga. App. 702, 706-07 (2) (760 SE2d 682) (2014) (holding that admission of hearsay was unlikely to have contributed to the verdict when other admissible evidence established the same fact).

to authorize a guilty verdict—amounted to the trial court improperly opining on his guilt as well as a disputed fact in violation of OCGA § 17-8-57.[14] We disagree.

When a defendant fails to object to an allegedly improper jury charge but nonetheless enumerates such as error on appeal, we review the issue for plain error under OCGA § 17-8-58 (b).[15] But under OCGA § 17-8-57 (c), when a court expresses an opinion as to the defendant's guilt, even if the defendant "failed to object to the offending statement at trial, we are statutorily required to reverse his convictions and grant him a new trial."[16] Nevertheless, here, the applicable standard of review is

---

[14] *See* OCGA § 17-8-57 (a) (1) ("It is error for any judge, during any phase of any criminal case, to express or intimate to the jury the judge's opinion as to whether a fact at issue has or has not been proved or as to the guilt of the accused."); OCGA § 17-8-57 (c) ("Should any judge express an opinion as to the guilt of the accused, the Supreme Court or Court of Appeals or the trial court in a motion for a new trial shall grant a new trial.").

[15] *See* OCGA § 17-8-58 (b) ("Failure to object in accordance with subsection (a) of this Code section shall preclude appellate review of such portion of the jury charge, unless such portion of the jury charge constitutes plain error which affects substantial rights of the parties. Such plain error may be considered on appeal even if it was not brought to the court's attention as provided in subsection (a) of this Code section."); *Booth v. State*, 301 Ga. 678, 680 (2) (804 SE2d 104) (2017) ("[When], as here, a party fails to object to a jury charge, we review the issue for plain error.").

[16] *Jones v. State*, ___ Ga. App. ___ (1), Slip op. at *11 (Case No. A19A1014; decided October 18, 2019); *See Anthony v. State*, 303 Ga. 399, 406 (4) n.12 (811 SE2d 399) (2018) ("Today, in the absence of a timely objection, a judicial comment—other than a comment on the guilt of the accused, see OCGA § 17-8-57

11

immaterial, as the trial court's jury instruction did not constitute error, plain or otherwise. Indeed, it is well established that "[t]he victim's testimony alone *is* sufficient to sustain a conviction for child molestation."[17] Thus, the principle contained in the subject charge is a correct statement of the relevant law,[18] and Gathers's claim of error fails.

4. Finally, Gathers contends that the trial court erred in sentencing him as a recidivist without submitting evidence of his prior convictions to the jury. Once again, we disagree.

As noted *supra*, during Gathers's sentencing hearing, the State presented evidence of two prior felony convictions in the form of certified copies of those convictions. And in light of these circumstances, the trial court ultimately imposed

---

(c)—amounts to reversible error under the statute only to the extent that it is a plain error which affects substantive rights." (punctuation omitted) (emphasis supplied)).

[17] *Heard v. State*, 322 Ga. App. 37, 37 (1) (743 SE2d 597) (2013) (emphasis supplied); *accord Reid v. State*, 319 Ga. App. 782, 783-84 (1) (738 SE2d 624) (2013).

[18] *See Pye v. State*, 322 Ga. App. 125, 128-29 (2) (742 SE2d 770) (2013) (holding that the trial court did not err in charging the jury that "a victim's testimony in a case involving rape is sufficient, even without more, to sustain a conviction" (punctuation omitted)).

a sentence of 20 years—the maximum sentence allowed under OCGA § 16-6-4 (b) (1)[19]—with 19 years to serve in confinement and the remaining year on probation.[20]

In this case, Gathers does not contend that his sentence exceeds the most severe punishment authorized by OCGA § 16-6-4 (b) (1). Rather, he argues that because his prior two convictions altered the mandatory minimum to which he could be sentenced, the existence of those convictions should have been determined by the

_____

[19] *See* OCGA § 16-6-4 (b) (1) ("Except as provided in paragraph (2) of this subsection, a person convicted of a first offense of child molestation shall be punished by imprisonment for not less than five nor more than 20 years and shall be subject to the sentencing and punishment provisions of Code Sections 17-10-6. 2 and 17-10-7. . . ."); OCGA § 17-10-7 (a) ("Except as otherwise provided in subsection (b) or (b.1) of this Code section, any person who, after having been convicted of a felony offense in this state or having been convicted under the laws of any other state or of the United States of a crime which if committed within this state would be a felony and sentenced to confinement in a penal institution, commits a felony punishable by confinement in a penal institution shall be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense of which he or she stands convicted, provided that, unless otherwise provided by law, the trial judge may, in his or her discretion, probate or suspend the maximum sentence prescribed for the offense.").

[20] *See* OCGA § 17-10-6.2 (b) ("Except as provided in subsection (c) of this Code section, and notwithstanding any other provisions of law to the contrary, any person convicted of a sexual offense shall be sentenced to a split sentence which shall include the minimum term of imprisonment specified in the Code section applicable to such sexual offense. . . . Any such sentence shall include, in addition to the mandatory term of imprisonment, an additional probated sentence of at least one year."); *see also supra* note 2.

13

jury. But in direct contrast to Gathers's argument, in *Almendarez-Torres v. United States*,[21] the Supreme Court of the United States held that the Sixth Amendment to the United States Constitution[22] does not require that a defendant's recidivism be treated as an element of an offense to be determined by a jury.[23] Indeed, not long thereafter, in *Apprendi v. New Jersey*,[24] the Supreme Court reiterated that "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[25] And although Gathers questions whether *Almendarez-Torres* was correctly decided, and further suggests that we opine as to that decision's continuing viability, "the doctrine of stare decisis prohibits this Court from ignoring

---

[21] 523 U.S. 224 (118 SCt. 1219, 140 LE2d 350) (1998).

[22] U.S. Const. Amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.").

[23] *Almendarez-Torres*, 523 U.S. at 247 (III).

[24] 530 U.S. 466 (120 SCt. 2348, 147 LE2d 435) (2000).

[25] *Id.* at 490 (IV) (emphasis supplied); *accord Brown v. State*, 284 Ga. 727, 729 (3) (670 SE2d 400) (2008).

the valid precedent of a higher court."[26] Accordingly, Gathers's prior convictions did not constitute facts increasing his punishment which were required to be submitted to a jury.[27]

For all these reasons, we affirm Gathers's conviction and the denial of his motion for new trial.

*Judgment affirmed. Rickman, J., concurs fully in Divisions 1, 2, and 4, and concurs specially in Division 3. Brown, J., concurs in Divisions 1, 2, and 4, and concurs in judgment only in Division 3.*\* **DIVISION 3 OF THIS OPINION IS PHYSICAL PRECEDENT ONLY. COURT OF APPEALS RULE 33.2 (a)**.

---

[26] *State v. Smith*, 308 Ga. App. 345, 352 (1) (707 SE2d 560) (2011).

[27] *See Brown*, 284 Ga. at 729 (3) (holding that because defendant's sentence was enhanced by his prior conviction for armed robbery, the trial judge did not err in overruling defendant's general demurrer attacking the constitutionality of OCGA § 17-10-7 (b) as a violation of his right to a trial by jury); *Nordahl v. State*, 344 Ga. App. 686, 688-89 (1) (811 SE2d 465) (2018) (citing *Almendarez-Torres* in support of holding that existence of defendant's prior convictions did not constitute facts increasing his punishment which were required to be submitted to a jury).

15

A20A0097. GATHERS v. THE STATE.

Rᴵᴄᴋᴍᴀɴ, Judge, concurring fully and specially.

I concur fully in Divisions 1, 2, and 4 of the majority opinion, but concur specially in Division 3. Although I do not believe that the trial court's jury instruction on the single-witness rule – namely, that evidence of the "victim, alone" was sufficient to authorize the guilty verdict – amounted to plain error requiring reversal under the facts of this case, I nevertheless believe that charge as given was erroneous. I write separately in an effort to ensure that the majority opinion not be read as an endorsement of that charge, which I believe should be avoided in future cases.

The specific portion of the jury instruction that I find troubling is as follows:

I charge you that the testimony of a single witness is generally sufficient to establish a fact. The evidence of the victim, alone, is sufficient to authorize a guilty verdict.

As noted by the majority, the charge is an accurate statement of the law; indeed, it is a bedrock principle of appellate law that upon review of a criminal conviction, the testimony of the victim alone is generally sufficient to authorize a guilty verdict. So it is not the law that I take issue with, but rather the context. There is a significant difference between this Court's application of the single-witness rule when reviewing the sufficiency of the evidence supporting a jury's verdict, and the trial court's framing of that rule when instructing the jurors as to their duties with respect to the evidence as they prepare to deliberate. To risk stating the obvious, in the former context, the jury has presumably already concluded the victim's testimony to have been credible, and this Court, under our standard of review, must defer to the jury's determination in that regard and construe the evidence in a manner consistent with its verdict.

By way of illustration, the suggested pattern jury instruction[1] on the single-witness rule is as follows:

> The testimony of a single witness, if believed, is sufficient to establish a fact. Generally, there is no legal requirement of corroboration of a witness, provided you find the evidence to be sufficient.

Georgia Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (4th ed.) § 1.31.90.

In straying from the pattern charge, the trial court (1) failed to use the words "if believed" when instructing the jury as to the sufficiency of a witness's testimony; (2) added a second, redundant sentence in which it highlighted the testimony of the "victim," again omitting the "if believed" language; and (3) failed to include the

---

[1] We recognize that the pattern jury charges are "suggestions only." See Georgia Suggested Pattern Jury Instructions - Criminal. Preface ("These instructions are submitted as suggestions only."); *Daniels v. State*, 264 Ga. 259, 261 (2) n.4 (443 SE2d 622) (1994) ("[T]he better practice is for the court to follow the specific language of the statute at issue or the suggested pattern jury instructions, but such strict compliance is not required as long as the principle of law set forth is sufficiently imparted to the jurors.").

3

qualifier "alleged" when referring to the victim. The resulting instruction was erroneous.

First, by omitting the "if believed" language, the charge failed to make the critical connection between the sufficiency of the witness's testimony and the credibility or believability of that witness, an error that was repeated in the second sentence's reference to the "victim's" testimony. Further, by adding the redundant second sentence, the charge singles out the testimony of the "victim" and could be read to suggest that a different standard applies to the assessment of the victim's credibility than to that of the credibility of the other witnesses. Finally, by failing to include the qualifier "*alleged* victim," it could be argued that the charge intimates that there was, in fact, a victim – an issue of fact exclusively reserved for the jury based upon the evidence presented in the case. See OCGA § 17-8-57 (a) (1) ("It is error for any judge, during any phase of any criminal case, to express or intimate to the jury the judge's opinion as to whether a fact at issue has or has not been proved or as to the guilt of the accused.").

Despite my concerns, in the absence of an objection, we review the charge for plain error. That standard requires a showing, not just that the instruction was erroneous, but also that the error was obvious, was not affirmatively waived, and

4

"likely affected the outcome of the proceedings." See *Willis v. State*, 304 Ga. 122, 129 (2) (c) (816 SE2d 656) (2018); see also *State v. Kelly*, 290 Ga. 29, 33 (2) (a), 718 S.E.2d 232 (2011). If each of those factors are met, only then may we exercise our discretion to remedy the error "if it seriously affect[ed] the fairness, integrity or public reputation of the judicial proceedings." *Willis*, 304 Ga. at 129 (2) (c).

I do not believe plain error has been shown here. This case did not turn solely upon the credibility of the child victim; there was also direct testimony from the child's mother, who personally witnessed Gather's abuse of the child, as well as other evidence related to the victim's outcry. Moreover, elsewhere in the charge, the trial court thoroughly instructed the jury as to its duties to assess the credibility and believability of the witnesses, and specifically included a statement that the court did not intend to comment or express any opinion on the facts of the case or the credibility of the witnesses.

Nevertheless, it is not difficult to conceive of a case in which the use of a similar charge would require reversal. Often in cases of child sexual abuse, there is no corroborating evidence of the kind presented here. And in those cases, the testimony of the alleged victim alone can unquestionably be sufficient to authorize a conviction. But when the believability of the alleged victim alone is the single most

5

important issue to be decided by the jurors, it is imperative that the charge unequivocally communicate to them that the task of assessing the weight and credibility of that testimony belongs to them alone.

For these reasons, I cannot concur with the majority's reasoning in Division 3 of the opinion.